Jessie E. **ROBINSON**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 45S00–8606–CR–594.

Supreme Court of Indiana.

July 11, 1988.

William L. Touchette, Appellate Div., Lake Superior Court by Marce Gonzalez, Jr., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Jessie E. Robinson was convicted of attempted murder following a jury trial. In this direct appeal he claims that the trial court erred in granting the State's motion *in limine,* and that the evidence was insufficient to support the conviction. We affirm.

After the jury was impanelled, but out of its presence, the State orally moved *in limine* to exclude "reference to the fact that the alleged victim in this cause was hospitalized for a drug overdose a few weeks prior to the incident." Defendant contends that the trial court committed er-

ror in granting the motion. He claims that the evidence was relevant to the victim's credibility and perceptive ability. Conceding that the claimed error was not preserved in the motion to correct errors, defendant contends that waiver is not applicable and argues that fundamental error resulted from the denial of his right to confrontation on this point. Defendant does not identify, nor do we find, any offer of proof during trial. In general, error cannot be predicated upon the granting of a motion *in limine* absent an offer to prove.

Moreover, the granting of the motion *in limine* did not constitute error, fundamental or otherwise. Criminal conduct which does not result in a conviction is generally inadmissible for purposes of impeachment. *Jarvis v. State* (1982), Ind., 441 N.E.2d 1; *Chambers v. State* (1979), 271 Ind. 357, 392 N.E.2d 1156. In addition, we are not persuaded that the omitted evidence was relevant for any other purpose. The questioned hospitalization occurred several weeks before the charged offense, and defendant does not present other evidence in the record demonstrating that the prior overdose or hospitalization may have affected the victim's perception at the time of the incident. The trial court permitted defendant to fully examine the victim regarding her drug activity on the day she was shot and the effects upon her perceptive abilities.

Defendant next contends that the evidence is insufficient. In addressing this question we will affirm if, considering only probative evidence and reasonable inferences supporting the verdict and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence favorable to the verdict was that the victim was shot four times. Reynaldo Almase, M.D., a general surgeon, treated the injuries and found them to be gunshot wounds to the head,

left shoulder, left palm, and abdomen. It was his opinion that the wound was caused by a small caliber bullet, possibly a .22 caliber. The victim's testimony provided the sole evidence regarding the infliction of the wounds. There were no other known eyewitnesses other than the defendant and the victim. The victim had previously accepted defendant's offer of marriage, and the two of them had a close relationship when the incident occurred. Upon defendant's suggestion, they each obtained a $2,500 life insurance policy naming the other as beneficiary. On the day of the shooting, defendant had called the victim asking her to meet him. They walked to an open area near a school, stopped by a tree and began smoking marijuana cigarettes. After beginning to smoke a second cigarette, the victim was "feeling pretty mellow." Defendant was sitting on one of the school railings with the victim standing in front of him with her back toward him when she heard a popping sound. She was startled, looked around, observed the defendant's hands in his shirt pockets, and saw a bullet hole in the shirt fabric. Defendant then pushed the victim away from him and kept shooting at her. As the victim reacted by holding her hands in front of her face, she was shot in the hands. The victim then collapsed to the ground and defendant shot her in the shoulder. She tried to get up and hold on to the tree, but fell down again, whereupon the defendant came over her and shot her in the head. The defendant then reloaded the gun, stood over the victim, and pointed the gun at her head. When she said "Jessie, don't shoot me," defendant turned around and fled. Defendant called the victim after the incident, and when she asked him the reason for his actions, he replied that somebody paid him to shoot her.

We find the evidence sufficient to enable the jury to conclude that the defendant was guilty beyond a reasonable doubt.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.