Adrian **WILLIAMS**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A02–9412–CR–763.

Court of Appeals of Indiana.

July 2, 1996.

---

Roberta Anderson Staten, Kathleen Ransom Radford, Frank C. Capozza, Indianapolis, for appellant.

Pamela Carter, Attorney General, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Adrian Williams appeals his convictions, after a trial by jury, of Attempted Criminal Deviate Conduct and Criminal Confinement. Williams received an aggregate sentence of twenty-five years. Williams raises four issues. But, because one requires reversal, we address it only. Restated, it is:

whether the trial court committed reversible error by excluding evidence of the victim's cocaine addiction.

## FACTS

The facts in the light most favorable to the verdict reveal that on January 9, 1993, the victim left her work as an exotic dancer at a nightclub at closing time, approximately 2:45 a.m. She walked out into the parking lot and asked two strangers, Defendant Williams and Co-Defendant, Antoine Edmondson, for a ride home.[1] Williams and Edmondson agreed and the victim got into the car. However, they did not proceed to the victim's home, but instead went to a parking lot. The victim attempted to run away, but Edmondson grabbed her and pulled her back into the car. They then proceeded to a park and stopped the car in a dark area. The two men demanded, at gun point, that the victim submit to simultaneous acts of oral and anal intercourse with them. Edmondson placed the gun on the arm rest and removed the victim's sock and shoe, pulled her right pants leg off, and ordered her to bend over the car seat. The victim grabbed the gun, opened the door, and ran away from the car. As she ran, she began firing the gun behind her. The victim had never fired a gun before. The victim shot Edmondson in the jaw. The bullet went through his tongue and his neck, severed a major artery, and nearly killed him. Williams and Edmondson went to the emergency room. While there, both men lied to the police and hospital personnel regarding the circumstances under which Edmondson had been shot.

The victim contacted police the next day because she had heard that someone had been shot in the park and was afraid that she might have been responsible. The victim's underpants were found in the park.

### Defendants' Version of Facts

We are well-aware of our obligation to consider only the evidence in the light most favorable to the verdict. However, a recitation of the Defendants' version of the facts is essential in this case to evaluate the relevancy and probative value of the proffered evidence of the victim's cocaine addiction.

Defendants both testified that they had gone to the exotic night club where the victim had worked earlier in the evening. Edmondson had quite a bit of money in his possession as he had just been paid. The two men met the victim who agreed to have sex with them in exchange for cocaine. They agreed to pick up the victim when she got off work. The defendants left the club but returned at closing time to pick the victim up. They waited for her in the parking lot.

---

1. We are aware that Edmondson's conviction was affirmed by another panel of this court by memorandum decision, No. 49A05–9501–CR–3, 665 N.E.2d 74, handed down May 15, 1996. We respectfully disagree with this decision. The *Edmondson* court cited *Stonebraker v. State*, 505 N.E.2d 55, 59 (Ind.1987); *McKim v. State*, 476 N.E.2d 503, 506 (Ind.1985) for the proposition that:

   [a] witness' drug use is pertinent only as to the witness' ability to recall events on the dates in question had he been using drugs at that time, or if the witness was on drugs at trial, or if drug use was so extensive as to impair his mind.

   (Slip op. p. 5). Both of these cases were decided before our supreme court's adoption of the Indiana Rules of Evidence which, as we have concluded below, permit the introduction of the evidence in question. Moreover, it is simply impossible to conclude that the evidence of the witness' drug use in the present case is "pertinent" only for the purposes set out in *McKim* and *Stonebraker*. The *Edmondson* court neglected to discuss the central claim of the defense— that the victim had consented to sex in exchange for drugs or money, that such was the entire purpose for accompanying the defendants in the car. This fact is central because a jury of the defendants' peers could reasonably conclude that the defendants' version of events was the more credible one based upon the distinct possibility that a person severely addicted to smoking cocaine could resort to prostitution to satisfy his or her habit. As discussed below, not only is the evidence of this witness' addiction "pertinent," but the exclusion of this evidence constitutes a denial of the defendants' right of confrontation.

When the victim got in the car, she was very agitated and anxious to smoke cocaine. She produced her own pipe from her purse. The victim became angry when the men informed her that they had not yet obtained any cocaine and that they needed to go purchase some. After the threesome had been unable to obtain cocaine, the victim agreed to perform fellatio upon Edmondson for money. They drove to the park and stopped the car. Edmondson set his wallet and gun on the armrest in order to pull his pants down. At that point, the victim grabbed the wallet and gun, shot Edmondson, and fled.

### The Offer of Proof

■ Williams' co-defendant Edmondson's offer of proof[2] included the testimony of the victim's friend who had known her for years and had lived in the same apartment as the victim at the time the crimes had been committed. This witness would have testified to the effect that the victim was severely addicted to smoking cocaine and regularly committed acts of prostitution with men whom she met in the exotic night club in their cars in exchange for money or cocaine. The witness would also have testified that the victim would carry scissors in her purse and had robbed her clients of money during these encounters. The witness would have testified further that the victim had a reputation in the community for such behavior. The witness also would have testified that the victim had been extremely paranoid and fearful and would often have the witness accompany her for safety when exchanging sex for cocaine.

The offer of proof also included the testimony of the victim elicited at a hearing outside the presence of the jury. The victim admitted that she had been severely addicted to smoking cocaine and that her life had been unmanageable. Although she denied that her addiction had an effect upon her memory, she admitted that she did not remember how much cocaine she had been using at the time or the effect that her addiction had on her. By the time of trial, the victim had received treatment for her drug addiction, had gained weight, and had cleaned up her life.

### DECISION

■ The trial court excluded the proffered evidence of the victim's prior drug use/addiction to smoking cocaine as irrelevant. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ind.Evidence Rule 401; *Hardin v. State*, 611 N.E.2d 123, 127 (Ind.1993) (Evidence is relevant if it tends to prove or disprove a material fact or sheds any light on the guilt or innocence of the accused). Evidence which is not relevant is not admissible. Evid.R. 402. However, all relevant evidence is admissible, except as otherwise provided by law. *Id.* Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. Evid.R. 403; *Hardin*, 611 N.E.2d at 127.

■ Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except that the evidence of a pertinent trait of character of the victim of the crime may be offered by an accused. Evid.R. 404(a)(2). Insofar as it applies to evidence offered by

---

2. At the point the offer to prove was made, Williams had already rested his case. Williams attempted to "join" co-defendant Edmondson's offer of proof but the State objected. The State could not have suffered any prejudice at trial by permitting Williams to "join" Edmondson's offer of proof as such was to be made outside the presence of the jury. Nevertheless, the trial court sustained the State's objection to Williams' attempt to "reopen" his case. The purpose of requiring that a defendant make an offer of proof is to provide this court with the scope and effect of inquiry and the proposed answers in order that we may consider whether the trial court's ruling excluding the evidence was proper. *Tyson v. State*, 619 N.E.2d 276, 281 (Ind.Ct.App.1993), *trans. denied.* This purpose has been satisfied in the present case by Edmondson's offer of proof. Thus, we see no procedural impediment to our review of the exclusion of evidence in this case. To hold otherwise would be to exalt form over substance at the expense of justice.

the accused, Evid.R. 404(a)(2) is not limited to battery or homicide defendants claiming self-defense. 12 Miller, Indiana Practice § 404.106, at 349–350 (1995).[3]

■ In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. Evid.R. 405(a). In cases in which character or a trait of character of a person is an essential element of a defense, proof may also be made of specific instances of that person's conduct. Evid.R. 405(b).

The evidence of the victim's severe (and obviously expensive) addiction to smoking cocaine is relevant to and extremely probative of Williams' consent defense that the victim had agreed to have sex with the men in exchange for cocaine or money. The evidence is admissible as a pertinent character trait of the victim offered by the accused under Evid.R. 404(a)(2). The extremely probative value of this evidence substantially outweighs any danger of unfair prejudice. Therefore, we hold that the exclusion of the evidence of the victim's cocaine addiction was error.

■■ Error in the exclusion of evidence will not warrant reversal unless a substantial right of the party is affected. Evid.R. 103. As noted above, the evidence of the victim's severe and expensive cocaine addiction was highly probative of Williams' defense of consent. As the present case turns largely upon which witnesses and version of events were credible, we must conclude that Williams' substantial rights have been violated and reverse and remand for retrial. See Traver v. State, 568 N.E.2d 1009, 1013–1014 (Ind.1991).

■ Because a new trial is warranted, we must address Williams' sufficiency argument to determine whether double jeopardy precludes a new trial. See Miller v. State, 575 N.E.2d 272, 276 (Ind.1991). When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. Landress v. State, 600 N.E.2d 938, 940 (Ind.1992). Rather, we examine only the evidence most favorable to the verdict, along with all reasonable infer-

---

**3.** Miller noted the conflict between Evid.R. 404(a)(2) and Evid.R. 412 (the Rape Shield Rule) as follows:

> the victim's conduct might be thought to be pertinent in rape cases, but Rule 412 governs the admissibility of evidence of the victim's conduct in sex crime prosecutions.

*Id.* In the present case, Williams concedes that the exclusion of the victim's prior sexual conduct was appropriate under Evid. Rule 412. We note, however, that the application of Indiana's Rape Shield Statute has been held to violate a defendant's 6th Amendment right of confrontation/cross-examination under certain circumstances. *Tague v. Richards*, 3 F.3d 1133, 1139 (7th Cir.1993). We agree with the language of the West Virginia Supreme Court set out in *State v. Green*, 163 W.Va. 681, 260 S.E.2d 257, 264 (1979), as follows:

> '[t]he fact that a woman consented to sexual intercourse on one occasion is not substantial evidence that she consented on another ...' We do not agree that her sexual history with other men is *never* relevant and *never* admissible. A woman's reputation for unchastity has no probative value because it is neither relevant to her credibility as a witness nor does it prove she consented in any particular instance. But there may be unusual cases where the probative value is precisely demonstrated, and outweighs the prejudicial effect of the testimony, such as '[where] ... the defendant alleges the prosecutrix actually consented to an act of

prostitution ...'. A statutory prohibition so broad that it forecloses cross-examination even in [such instances], denies a defendant his right to effectively confront his accuser.

We would suggest that evidence of consensual sexual activities with others, not specifically and directly related to the act of which a victim complains, should never be admissible; and that such evidence, that is specifically, directly related to the act for which a defendant stands charged, must be of a quality that its admission is necessary to prevent manifest injustice and therefore outweigh the State's interest in protecting persons who have been sexually abused, from attempts at besmirchment of their character by ones who have trespassed upon their bodies.

*Id.* (Emphasis original; quoting *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 28, 545 P.2d 946, 952 (1976)). *See also*, Sutherlin, Jerrilee, *Indiana's Rape Shield Law: Conflict with the Confrontation Clause?*, 9 Ind.L.R. 418 (1976) (Mere evidentiary rule protecting a testifying witness must succumb to the defendant's right to confrontation.) *Id.*

In the furtherance of justice, judicial economy, and pursuant to our obligation to uphold the Constitution, we note that the defendants' version of events in the present case so closely tracts the offer of proof that we must conclude that the case at bar is one of those unusual cases where, on retrial, Evid.R. 412 must yield to Williams' right to confrontation.

ences to be drawn therefrom; and, if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

Williams argues that he cannot be held criminally responsible for the attack upon the victim as he hardly talked to her and had not threatened her. Williams points out that it was Edmondson who had the gun and who had grabbed the victim and began to pull her clothes off. Williams argues further that the conviction for Criminal Confinement must be set aside as the evidence indicates that the victim got into the car willingly.

██ To be convicted as an accomplice, it is not necessary for a defendant to have committed every element of a crime. *Jones v. State,* 536 N.E.2d 267, 270 (Ind.1989). When two or more confederates engage in the commission of an unlawful act, each is criminally liable for the acts of the other in furtherance of their common objective. *Taylor v. State,* 578 N.E.2d 664, 666 (Ind.1991).

The evidence set out in the FACTS section is sufficient to sustain Williams' convictions. When the victim tried to run, Edmondson grabbed her and forced her back into the car. The victim testified that she had been ordered to submit to criminal deviate conduct with both men and that Edmondson had begun to remove her clothing and had ordered her to bend over the car seat. As the evidence is sufficient to support Williams' convictions, he may be retried.

Judgment reversed.

NAJAM, J., concurs.

STATON, J., dissents with separate opinion.

STATON, Judge, dissenting.

I dissent for the following reasons:

I.  The Majority's application of IND. EVIDENCE RULE 404(a)(2) is overly broad and beyond its intended scope.

II. The Majority ignores the basis for which Williams sought admission of the victim's character evidence.

Here, Williams attempted to introduce evidence of the victim's previous drug use in order to prove his defense that she agreed to have sex with him and his accomplice in exchange for cocaine or money. The State filed a motion in limine to exclude the evidence which the trial court granted. On appeal, Williams argues that the exclusion of this evidence was in error. The Majority agrees, determining that the victim's prior drug use was admissible character evidence. This determination is erroneous.

A trial court's decision whether to admit evidence will not be reversed absent a showing of a manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Shaw v. State,* 595 N.E.2d 743, 747 (Ind.Ct.App.1992), *reh. denied.*

I.

*IND. EVIDENCE RULE 404 (a)(2)*

This case presents the first opportunity for this court to address the scope of IND. EVID. R. 404(a)(2). By determining that the character evidence of the victim is admissible, the Majority strays far from our common law approach as well as the interpretation of this rule's counterpart, FED.R.EVID. 404. The rule provides, in pertinent part:

> Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
> (2) *Character of victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor; . . .

Prior to the enactment of our evidence rule, our common law provided that evidence of a victim's character was available only in cases of homicide and battery where the defendant claims self-defense and seeks to show: (1) the victim had a violent character and the defendant had reason to fear the victim; or (2) the victim was the initial aggressor. *See Phillips v. State,* 550 N.E.2d 1290, 1297 (Ind.1990), *reh. denied; Eldridge v. State,* 627 N.E.2d 844, 849 (Ind.Ct.App. 1994), *trans. denied.*

A literal reading of EVID.R. 404(a)(2) indicates no such restriction to battery and homicide cases as the Majority indicates, "Insofar as it applies to evidence offered by the accused, Rule 404(a)(2) is not limited to battery or homicide defendants claiming self-defense." Op. at 181 (quoting 12 Miller, Indiana Practice, § 404.106 at 349–350 (1995)). The Majority relies upon this statement to conclude that the rule permits admission of evidence of the victim's prior drug use here. *Id.*

Yet, Miller goes on to note, "As a practical matter, however, the issue will arise only in such cases; the victim's conduct might be thought to be pertinent in rape cases, but Rule 412 governs the admissibility of evidence of the victim's conduct in sex crime prosecutions." *Id.* at 350. He states:

> [t]he requirement in Rule 404(a)(2) that the victim's character trait be 'pertinent' probably preserves earlier Indiana cases that required that some other evidence of the victim's aggression precede admission of the character evidence in light of the concern that the jury might view the victim's bad character as an excuse for the alleged attack by the accused.

*Id.* (citing *Holder v. State*, 571 N.E.2d 1250, 1254 (Ind.1991)("If the defendant wishes to introduce either type of character evidence, she must first introduce appreciable evidence of the victim's aggression to substantiate the self-defense") and *Phillips, supra* (appreciable evidence of victim's aggression substantiating self-defense claim must be established before any character evidence may be relevant in murder case).

In addition, FED.R.EVID. 404(a)(2) has been interpreted to be limited in scope as "[i]t speaks to 'pertinent' character traits of the victims of crimes generally and specifically to the traits of nonviolence in homicide cases." MCCORMICK ON EVIDENCE ch.17, § 193 at 821 (John William Strong ed., 4th ed.1992). There is a great risk of prejudice when introducing evidence of a victim's character as learning of the victim's bad character could lead the jury to think that the victim merely "got what he deserved" and to acquit for that reason. *Id.* Nevertheless, at least in murder and battery cases, when the identity of the first aggressor is really in doubt, the probative value of the evidence ordinarily justifies taking this risk. *Id.*

Federal courts have applied this rule to cases of battery or homicide, or in other instances where the issue of self-defense has arisen. *See e.g., United States v. Martinez*, 988 F.2d 685, 700 (7th Cir.1993), *cert. denied*, 510 U.S. 841, 114 S.Ct. 127, 126 L.Ed.2d 91 (in assault and murder case, victims' traits of violence and racism relevant to defendant's claim of self-defense or defense of another); *United States v. Greschner*, 647 F.2d 740, 741–742 (7th Cir.1981)(in assault case, evidence of victim's "violent character" was pertinent character trait under FED.R.EVID. 404(a)(2) and relevant to defendant's theory of self-defense); and *United States v. Talamante*, 981 F.2d 1153, 1156 (10th Cir.1992), *cert. denied*, 507 U.S. 1041, 113 S.Ct. 1876, 123 L.Ed.2d 494 (1993) (in assault case, evidence of victim's violent character to prove victim was aggressor is circumstantial use of character evidence, admissible through reputation and opinion evidence only).

Moreover, the advisory committee's note to this rule indicates that a victim's "violent disposition" is exactly the sort of evidence this rule was intended to encompass. *United States v. Keiser*, 57 F.3d 847, 853 (9th Cir. 1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 676, 133 L.Ed.2d 525 (quoting FED.R.EVID. 404 advisory committee's note, "Illustrations are: evidence of a violent disposition to prove the person was the aggressor in the affray ... "). The Majority's broad construction of EVID.R. 404(a)(2) now allows the jury to hear character evidence of the victim in cases involving issues other than the victim's violent disposition. This goes beyond the scope of the rule and is erroneous. *Keiser, supra.*

This conclusion notwithstanding, I also disagree with the Majority's determination that the "extremely probative value of this evidence substantially outweighs any danger of unfair prejudice." Op. at 182. IND.EVID.R. 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Admission of this clearly prejudicial evidence here will tempt the jury to

acquit Williams based upon the forbidden inference that the "victim got what she deserved." This evidence will focus the jury's attention away from the acts of the defendant but to the past acts of the victim. This prejudicial effect is compounded by the fact that the State's case rests primarily on her credibility.[4]

The probative value of this evidence does not justify taking the great risk of prejudice which could result from the introduction of this evidence. Accordingly, I conclude that the trial court did not abuse its discretion when it granted the State's motion in limine to exclude the evidence. *Shaw, supra.*

## II.

### *Basis for Admission*

Notwithstanding the application of our evidence rules, the Majority ignores the basis for which Williams first argued that evidence of the victim's prior drug use should be admitted. A review of the record reveals that the defendants' initially objected to the State's motion in limine on the ground that this evidence was relevant for the purpose of attacking the victim's memory and perception of the attack.

Defendants' argued that the victim's prior cocaine habit "would obviously make a difference as to her ability to recall facts" and "goes to show her ability to observe, remember, and recall the events at the time of the occurrence." Record at 203 and 205. The trial court granted the State's motion but allowed defendants' to question the victim about her drug usage on the day of the attack until she reported the incident to the police, indicating that this evidence "would certainly go to her ability to see and perceive and to recall." Record at 232. Yet, the trial court noted that there was "no evidence presented that there is any indication that there's any inability to recall." Record at 238–239. On cross-examination, defense counsel questioned the victim regarding whether she used cocaine the night of the

attack and challenged the accuracy of her memory.

These facts are akin to those presented in *Robinson v. State*, 525 N.E.2d 605 (Ind.1988). There, the trial court granted the State's motion in limine to exclude evidence that the victim was hospitalized for a drug overdose a few weeks prior to being shot by the defendant. On appeal, Robinson argued that the exclusion of this evidence was in error as it was relevant to the victim's credibility and perceptive ability. *Id.* at 606.

The Indiana Supreme Court disagreed, noting that criminal conduct which does not result in a criminal conviction was inadmissible for purposes of impeachment. *Id.* The court went on to state that the defendant failed to present any other evidence in the record which demonstrated that the prior overdose or hospitalization may have affected the victim's perception at the time of the incident. The court indicated that the trial court allowed the defendant to fully examine the victim "regarding her drug activity on the day she was shot and the effects upon her perceptive abilities." *Id.* Thus, exclusion of the evidence was not improper.

As indicated *supra*, Williams argued that this character evidence was admissible for the purpose of attacking the victim's memory of the incident. However, as in *Robinson*, Williams presented no evidence that the victim lacked any ability to recall the events leading to her attack, but he was still allowed to question the victim regarding her drug use on the day of the attack as well as her memory of the event. Accordingly, based upon *Robinson*, I conclude that the trial court did not err in excluding this evidence.

For the above reasons, I dissent.

---

**4.** *See United States v. Schatzle,* 901 F.2d 252 (2nd Cir.1990)(in use of excessive force prosecution, exclusion of evidence of victim's prior arrest to show victim instigated altercation did not constitute an abuse of discretion as it posed a "genuine risk of focusing the jury upon the wrong event").