John J. SHAW, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 02A03–9202–CR–34.

Court of Appeals of Indiana,
Third District.

July 16, 1992.

Rehearing Denied Sept. 3, 1992.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

John J. Shaw appeals from his conviction for driving while intoxicated, raising four issues for our review:

I.  Whether certain instructions given by the trial court shifted the burden of proof to Shaw.

II.  Whether the evidence was sufficient to sustain his conviction.

III.  Whether the trial court erred in permitting the officer who administered the breath test to Shaw to testify that the Intoxilyzer machine was properly certified.

IV.  Whether the trial court properly admitted certain exhibits into evidence.

We affirm.

On May 22, 1991, Allen County Police Officer David Royce was dispatched to the intersection of Highway 3 and Gump Road in Allen County to investigate a report of a driver stopped in the lane of traffic. Upon arriving at the intersection, he observed Shaw slumped over the wheel of his car, which was running and in gear, although not moving. As Officer Royce attempted to awaken Shaw, Shaw's foot slipped off of the brake and the car began moving. Officer Royce reached into the car, placed it in park, and turned off the ignition. Officer Royce was then able to awaken Shaw, who had slurred speech, bloodshot eyes, and a strong odor of alcohol about him. Officer Royce was required to support Shaw so he would not fall over, and when he was asked to produce his driver's license, he exhibited impaired manual dexterity.

Officer Royce transported Shaw to the police station, where he consented to an Intoxilyzer test. His blood alcohol level registered .20%. Shaw was charged and convicted of driving while intoxicated.

## I.

### Instructions

■ Jury instructions are largely discretionary with the court. *Jewell v. State* (1989), Ind., 539 N.E.2d 959, 961. Error in one instruction will not justify reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Id.* at 961–962. Shaw challenges the following instruction:

Evidence that there was five hundredths percent (.05%), or less, by weight of alcohol in the defendant's blood constitutes prima facie evidence that the defendant was not intoxicated.

Relevant evidence of intoxication includes evidence that at the time of an alleged violation there was more than five hundredths percent (.05%), but less than ten hundredths percent (.10%) by weight of alcohol, in the person's blood.

Prima facie evidence of intoxication includes evidence that at the time of an alleged violation there was ten hundredth's percent (.10%), or more, by weight of alcohol in the person's blood.

"Prima facie" means that quantity and quality of evidence necessary to prove a fact.

Prima facie evidence creates an inference that the defendant was sufficiently under the influence of intoxicating liquor to lessen his/her driving ability within the meaning of the law. This inference is not conclusive, however, and may be rebutted by other evidence. Also, you may reject such evidence even if it is not rebutted.

Record, p. 31; 133–134.

■ Shaw challenges the appropriateness of this instruction on a number of grounds. He first contends that it unconstitutionally shifted the burden of proof to him, citing *Sturgeon v. State* (1991), Ind. App., 575 N.E.2d 679. In *Sturgeon*, the court held that a similar instruction was erroneous where it imposed a conclusive presumption upon the jury. This instruction does not exhibit the deficiency identified in *Sturgeon*. Here, prima facie evidence is characterized as an "inference" rather than a "presumption", and the jury is instructed that it may reject such evidence, whether or not it is rebutted. Further, the jury was instructed that "[a]n Intoxilyzer test, in and of itself, is not sufficient evidence upon which [to] return a verdict of guilty...." Record, p. 135. *See Regan v. State* (1992), Ind.App., 590 N.E.2d 640, 649. The jury was also instructed that the State has the burden of proving each element of the offense beyond a reasonable doubt and that the law does not require Shaw to prove anything. *See Id.* at 648–649. The effect of the charge as a whole was not to impose a mandatory presumption.

Shaw also argues that the instruction did not make a reference to the element of endangerment. The instruction immediately preceding the one challenged by Shaw stated:

The term "intoxicated" is defined by law as meaning under the influence of alcohol such that there is an impaired condition of thought and action and the loss of

normal control of a person's faculties to such an extent as to endanger any person.

Record, p. 133. Shaw's argument has no merit.

■ Shaw next appears to make an argument that the use of the word "defendant" in the instruction somehow improperly influenced the jury to find him guilty. He fails to cite any authority in support of this argument, and therefore he has waived it for failure to present cogent argument. *Platt v. State* (1992), Ind., 589 N.E.2d 222, 228. Shaw also argues that the instruction failed to state the elements of the crime. The record reveals that an earlier instruction correctly stated the elements of the crime of driving while intoxicated.

■ Shaw finally argues that there was no showing that Intoxilyzer testing is admissible under the *"Frye* test." We rejected this argument in *Regan, supra* at n. 5. We conclude that the trial court did not err in giving the challenged instruction.

■ Shaw next contends that the trial court improperly failed to give the following instruction which he tendered:

The mere fact that a person may have consumed alcoholic beverages does not necessarily render him "intoxicated." The circumstances and the effect of such consumption of alcohol as to that person must be considered by you when reaching your verdict.

Whether the Defendant was intoxicated at the time he allegedly operated the motor vehicle is a question of fact for you to determine from the evidence. The State has the burden of proving, beyond a reasonable doubt, that the Defendant was operating a motor vehicle and that during such operation of the motor vehicle, he was intoxicated.

Record, p. 23. In considering whether any error results from refusal of a tendered instruction, we consider 1) whether the tendered instruction correctly states the law, 2) whether there is evidence in the record to support giving the instruction, and 3) whether the substance of the instruction is covered by other instructions which are given. *Evans v. State* (1991), Ind., 571 N.E.2d 1231. The substance of Shaw's tendered instruction was covered by several instructions given by the trial court: the instruction stating that blood alcohol content evidence alone is not sufficient to prove intoxication; the instruction defining intoxication; the instruction setting out the elements of the crime; and finally, the instruction stating that the State has the burden of proving each and every element of the crime beyond a reasonable doubt. The trial court did not err in refusing Shaw's tendered instruction.

## II.

### *Sufficiency of the Evidence*

■ Shaw argues that the evidence was insufficient to show that he was intoxicated, in that it did not prove that he placed any person in danger. In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Rather, we consider only the evidence most favorable to the State and any reasonable inferences to be drawn therefrom, to see if there is substantial evidence of probative value to support the verdict. *Fleming v. State* (1991), Ind., 579 N.E.2d 73, 74. Indiana Code 9–11–1–5[1] defines "intoxicated" to mean "under the influence of: (1) alcohol; ... so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to an extent that endangers a person." The "endangerment" portion of the definition of intoxication does not require that the State prove that a person other than the defendant was actually in the same area as the automobile to support a conviction. *State v. Krohn* (1988), Ind.App., 521 N.E.2d 374, 377. Rather, it can be established by showing that defendant's condition or driving manner could have endangered *any* person, including the public, the police, or the driver. *Id.* Therefore, proof that the defendant's condition renders driving unsafe is sufficient to establish endangerment. *Id.*

■ Turning to the facts of this case, the State introduced evidence that Shaw

1. Now codified as IC 9–13–2–86.

was asleep at the wheel of his car, blocking the lanes of traffic in an intersection where one of the roads was a divided highway. His vehicle was still running and in gear. Clearly, his condition presented a danger both to himself and to other motorists who would encounter the intersection. There was substantial evidence of probative value to support the judgment.

### III.

#### *Officer's Testimony*

■■■■ Shaw argues that the trial court erred in allowing Officer Royce to testify that the Intoxilyzer machine had been certified. A trial court's decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in denial of a fair trial. *Minnick v. State* (1989), Ind., 544 N.E.2d 471, 477, *reh'g denied.* Here, Officer Royce had personal knowledge that the machine was certified. Even if it was error to permit Officer Royce to testify that the machine was certified, Shaw was not prejudiced thereby, as a certified copy of the machine certification was later admitted into evidence.

■■■ Shaw also argues that the trial court erred in permitting Officer Royce to testify that he did not notice anything about the machine that would make him believe that it was not working properly when Shaw was tested. Shaw argues that since the officer was not trained in the maintenance of the machine, he was not qualified to testify as to the workings of the Intoxilyzer. Officer Royce is a certified Intoxilyzer operator who has been trained in the operation of the machine. Moreover, he did not testify that the machine was working properly; he merely testified that he did not notice that it was not working properly.

Shaw's contention that the admission of this testimony violated his rights to confrontation and cross-examination is without merit. Shaw was given (and exercised) the opportunity to cross-examine Officer Royce. The trial court did not abuse its discretion in admitting this testimony over Shaw's objection.

**2.** Recodified as IC 9–30–6–5.

### IV.

#### *Exhibits*

■■■ Shaw finally argues that the trial court erred in admitting State's Exhibits 1 through 5. Exhibit 1 is a certified document showing that Officer Royce is a certified Breath Test Operator. Exhibit 2 is a certified document showing that the Intoxilyzer had been inspected and tested. Exhibit 3 is a checklist completed by Officer Royce showing that he followed the approved method for conducting the breath test. Exhibit 4 is the print-out showing Shaw's blood alcohol level. Exhibit 5 is a videotape of the testing of Shaw. Shaw argues that these exhibits were improperly admitted because there was an insufficient foundation and because Indiana Code 9–11–4–5 [2] violates his constitutional rights to confrontation and cross-examination. We addressed identical arguments in *Regan, supra,* at 646–647, concluding that the exhibits were admissible. *See also Platt, supra,* at 229–230.

Affirmed.

GARRARD, J., concurs in result.

CONOVER, J., concurs.