Richard W. **KREMER**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 61A04–9311–CR–424.

Court of Appeals of Indiana, Fourth District.

Nov. 21, 1994.

Rehearing Denied Feb. 1, 1995.

Thomas J. O'Brien, O'Brien & Morrissey, Lafayette, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Richard W. Kremer appeals his convictions for operating a vehicle while intoxicated, a class A misdemeanor;[1] operating a vehicle with a .10% blood alcohol count (BAC) or more, a class C misdemeanor;[2] and operating a vehicle with a controlled substance (marijuana) in the blood, a class C misdemeanor.[3]

We affirm in part and reverse in part.

### ISSUES

Kremer raises the following issue for our review: whether his convictions were supported by sufficient evidence.

We *sua sponte* raise the following issue: whether convictions on all three counts are proper.

---

1. IND.CODE 9–30–5–2.

2. I.C. 9–30–5–1(a).

3. I.C. 9–30–5–1(b).

*FACTS AND PROCEDURAL HISTORY*

The facts most favorable to the judgment show that on August 21, 1992, at approximately 4:00 p.m., Richard Swearingen was watching television when he heard the sound of rotor blades "awfully close." Swearingen then observed a helicopter resembling Kremer's flying over his house. Swearingen noted that the helicopter was approximately 200 feet above the ground.

At approximately 4:30 p.m., Jack Wilson was standing on the Parke County golf course when he heard a "tremendous noise." Wilson observed a helicopter resembling Kremer's helicopter "buzz" a fairway. Wilson noted that the helicopter was traveling approximately 75 feet above the ground.

At approximately 5:00 p.m., Jeff Walter observed Kremer land his helicopter behind his residence. Kremer signaled to Walter, who climbed aboard the helicopter. Kremer, accompanied by Walter, then flew the helicopter at "tree top level."

At approximately 5:30 p.m., Marshall fire chief Ken Ryan heard a loud boom and observed a large amount of smoke. Using his hand-held radio, Ryan immediately broadcast that a helicopter had crashed. Ryan then drove to the scene of the crash, which was about 3,000 feet from his home. Within 3–4 minutes, Ryan arrived at the scene and observed the helicopter engulfed in flames near a bean field. Kremer was lying on the ground approximately 50 feet away from the helicopter. Ryan noted that Kremer did not appear to be in pain, even though his leg was broken and his upper torso was burned. Ryan also noted that Kremer was abusive and that he smelled of alcohol.

At approximately 5:38 p.m., State conservation officer Ken Hutchins arrived on the scene. Officer Hutchins approached Kremer and noted that he was "very, very talkative" and that he became "increasingly argumentative" and "borderline combative" with emergency personnel.

At approximately 5:41 p.m., emergency medical technicians Lana Livengood and Richard Swearingen arrived on the scene. Livengood noted that Kremer was obnoxious and rude, that he smelled of alcohol, and that he "acted drunk." Swearingen also noted that Kremer smelled of alcohol and asked him if he had been drinking. Kremer replied, "No."

At approximately 6:00 p.m., Kremer arrived at Vermillion County Hospital, where he was treated by Dr. Laura Feuquay. At approximately 6:35 p.m., Kremer's blood was drawn by hospital personnel. An analysis of the sample revealed that Kremer's blood serum had an alcohol content of 216 mg/dl, which amounts to a whole blood alcohol content of .16% to .20% by weight.

At approximately 7:00 p.m., Indiana State Police Officer Lynn Manley spoke with Kremer. Kremer asserted that his helicopter had lost its tail rotor at 700 feet and that it was "0-0" at impact. This meant that the helicopter had a vertical speed of zero and a forward air speed of zero. In addition, Kremer asserted that he performed an "auto rotation," meaning that he glided the helicopter to the ground without engine power. Officer Manley, who was also a helicopter pilot, noted that Kremer's version was inconsistent with the evidence at the scene indicating the helicopter had struck the ground with a "pretty good impact" and "some forward speed." Officer Manley also noted that flight regulations require that a helicopter be flown at least 200 feet above the highest building or person. Officer Manley further noted that Kremer's speech was "thick tongued" and slurred.

Willis Ziese was in charge of the investigation conducted by the Federal Aviation Administration. Ziese did not find any evidence showing that the helicopter had a mechanical malfunction. Ziese also testified that the evidence was "inconsistent with what most people would try and do in an auto rotation."

Kremer was charged with the offenses of operating a vehicle while intoxicated, operating a vehicle with at least .10% by weight of alcohol in his blood, and operating a vehicle with a controlled substance in his blood.[4] A

---

**4.** For purposes of the these offenses, the term "vehicle" means "a device for transportation by land or air." I.C. 9–13–2–196(e).

jury determined that Kremer was guilty as charged. The trial judge merged the three counts for purposes of sentencing and sentenced Kremer to one year imprisonment, with six months suspended.

## DISCUSSION AND DECISION

### I. SUFFICIENCY OF THE EVIDENCE

Kremer contends the evidence was insufficient to support his conviction of operating a vehicle while intoxicated, a class A misdemeanor. Specifically, he argues that there was no evidence showing impairment and no evidence to rebut a defense witness who testified that Kremer ingested alcohol after the crash.

Where sufficiency of the evidence is challenged on review, this Court neither reweighs the evidence nor determines the credibility of witnesses. *Landress v. State* (1992), Ind., 600 N.E.2d 938, 940. We look to the evidence most favorable to the verdict together with all reasonable inferences therefrom, and if there is substantial evidence of probative value to support the judgment, it will not be disturbed. *Traxler v. State* (1989), Ind.App., 538 N.E.2d 268, 269.

■ The offense which Kremer was convicted of is defined in I.C. 9–30–5–2, which states that "[a] person who operates a vehicle while intoxicated commits a class A misdemeanor." The term "intoxicated" means that the person operating the vehicle is under the influence of (1) alcohol; (2) a controlled substance; (3) a drug other than alcohol or a controlled substance; or (4) a combination of alcohol, controlled substances, or drugs; so that "there is an impaired condition of thought and action and the loss of normal control of a person's faculties to an extent that endangers a person." I.C. 9–13–2–86. The element of "endangerment" is proved by evidence showing that "the defendant's condition or [operating] manner could have endangered *any* person, including the public, the police, or the [operator]." *Shaw v. State* (1992), Ind.App., 595 N.E.2d 743, 746, *reh'g denied.* Accordingly, proof that the defendant's condition rendered operation of the vehicle unsafe is sufficient to establish endangerment. *Id.*

■ Convictions of operating while intoxicated may be supported by circumstantial evidence. *See Geyer v. State* (1988), Ind. App., 531 N.E.2d 235, 237, *reh'g denied, trans. denied* (holding that evidence that an accident which occurred on a street free of obstruction after the vehicle was operated at a high rate of speed, coupled with evidence showing bloodshot eyes and .158% BAC, was sufficient to support conviction); *Shady v. State* (1988), 524 N.E.2d 44, 45 (holding that evidence showing that vehicle exceeded the speed limit by 15 miles per hour, coupled with evidence that the defendant had reddened eyes, slurred speech, and a .14% BAC, was sufficient to support conviction); *Boyd v. State* (1988), Ind.App., 519 N.E.2d 182, 184 (holding that evidence showing that defendant was driving 24 miles per hour over the speed limit was, by itself, demonstrative of impairment); *Hughes v. State* (1985), Ind. App., 481 N.E.2d 135, 137 (holding that the fact that the defendant was traveling 32 miles per hour over the speed limit, coupled with the arresting officer's opinion that the .115% BAC affected the defendant's driving, was enough to support the conviction even though the defendant passed dexterity tests given at the scene); *Hall v. State* (1977), 174 Ind.App. 334, 367 N.E.2d 1103, 1107, *reh'g denied* (holding that evidence showing that the car smelled of alcohol, the defendant was driving very fast, and the car was out of control, was sufficient to support the conviction).

■ In the present case, Kremer operated the helicopter in a manner which violated minimum flight restrictions. This disregard of the flight restrictions, in the same manner as disregarding the speed restrictions in an automobile, is evidence from which impairment can be inferred. This factor, coupled with the evidence that Kremer (1) smelled of alcohol; (2) was combative and very talkative; (3) felt no pain from a broken ankle; (4) acted drunk; (5) had a BAC of .16 to .20%; (6) had a high concentration of THC, the active ingredient in marijuana, in his blood; and (7) was involved in a crash that was not caused by mechanical failure,

was sufficient to establish a *prima facie* case of intoxication while operating the helicopter.

Kremer contends that the testimony of Michael Bonebrake was sufficient to rebut the evidence of the State. Bonebrake testified that he approached Kremer immediately after the crash and gave him a pop bottle which contained a soft drink and liquor concoction. Kremer testified that he drank from the bottle, causing him to exhibit observable signs of intoxication.

■ In Indiana, the rule is that where a *prima facie* case has been established, and contradictory or rebutting evidence is then presented, the *prima facie* case does not disappear, but remains in the case. *Hughes,* 481 N.E.2d at 137. Whether such rebutting evidence is sufficient to overcome the *prima facie* case is for. the trier of fact to determine from all the evidence. *Id.*

In the present case, the jury believed the State's witnesses and did not believe Kremer and Bonebrake. As noted above, we will not reweigh the evidence or redetermine the credibility of the witnesses.

## II. PROPRIETY OF MULTIPLE CONVICTIONS

Kremer was convicted of operating a vehicle while intoxicated, operating a vehicle with a .10% BAC or more, and operating a vehicle with a controlled substance (marijuana) in the blood. The trial court accepted the convictions; however, for purposes of sentencing it merged the three offenses.

■ The offense of operating a vehicle with a .10% BAC or more is a lesser included offense of operating a vehicle while intoxicated, and convictions for both offenses cannot stand. *McInchak v. State* (1990), Ind.App., 560 N.E.2d 546, 549; *Collins v. State* (1986), Ind.App., 491 N.E.2d 1020, 1022. Further-

more, the offense of operating a vehicle with a controlled substance (marijuana) and the offense of operating a vehicle while intoxicated cannot stand in the instant case because the presence of the marijuana was a fact used by the State to prove the latter offense.[5]

■ In *sua sponte* raising this issue, we note that it is proper to charge a defendant with greater and lesser included offenses. However, if the defendant is found guilty of both, the convictions merge, and sentences cannot be imposed on both counts. *See Swafford v. State* (1986), Ind., 498 N.E.2d 1188, 1191.

■ Here, the trial court's sentencing order provided that the multiple convictions merged "for purposes of sentencing." The order implies that, for purposes other than sentencing, the multiple convictions remain viable. They do not. When a lesser included offense is merged into a greater offense, the lesser included offense is vacated for all purposes. *See Hall v. State* (1986), Ind., 493 N.E.2d 433, 436.

■ When faced with the merger of lesser included offenses into greater offenses, the trial court should specifically state on the record which convictions are vacated and which remain. The court should also indicate how the sentences imposed correspond with the remaining convictions.

### CONCLUSION

We affirm the conviction of operating a vehicle while intoxicated, a class A misdemeanor. We remand with instructions to vacate the convictions of operating a vehicle with a .10% BAC or more and operating a vehicle with a controlled substance (marijuana) in the blood. We further remand for

---

5. In both the preliminary and final jury instructions, "intoxication," as used in I.C. 9–30–5–2, was defined to include impairment by use of alcohol, a controlled substance, or a combination of the two. In final argument, the State urged the jury to "[r]emember also marijuana in the other theory of our offense, intoxication includes

either alcohol or marijuana ... I mean alcohol is bad enough. If you're .19 and operating a helicopter. Hey, there's marijuana, too!" (R. 833). As charged and argued, the offense of operating a a vehicle with a controlled substance (marijuana) in the blood was clearly a lesser

purposes of reconsideration of the proper sentence in light of the vacated convictions.[6]

STATON and KIRSCH, JJ., concur.

included offense of operating a vehicle while intoxicated.

6. In doing so, we do not mandate that a lesser sentence be given.