Jeffrey D. HORNBACK, Appellant– Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 09A02–9705–CR–317.

Court of Appeals of Indiana.

March 16, 1998.

Steven M. Bush, Millbranth & Bush, Valparaiso, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Jeffrey D. Hornback appeals his convictions by jury of driving while intoxicated, a class A misdemeanor, and operating a vehicle with a blood alcohol content of .10% or more, a class C misdemeanor. We affirm in part and reverse in part.

### ISSUES

1. Did the trial court err by taking judicial notice of the rules and regulations promulgated by the Indiana Department of Toxicology?

2. Did the trial court err in admitting the results of Hornback's breath test?

3. Did the trial court err in denying Hornback's motion for judgment on the evidence?

### FACTS

On the evening of October 23, 1995, Indiana State Police officer Timothy Miller was on duty as a "road trooper," patrolling for traffic and criminal violations. (R. 77). An unidentified motorist sought Miller out at a restaurant to advise him of the "actions" of a white Cherokee with a "91" license prefix traveling northbound on a certain roadway. (R. 78). Officer Miller proceeded on that road and saw a Cherokee matching the description provided after about a mile and a half. He then followed the vehicle for about 3/4 mile, observing it. Miller saw the Cherokee "travel across the center line" twice, once "nearly striking" an oncoming vehicle. (R. 79). He also saw the Cherokee "cross the solid white line" on the side of the roadway two times. Officer Miller activated his lights, and the driver pulled the Cherokee into a parking lot and stopped.

Officer Miller walked up to the vehicle and asked its driver, Jeffrey Hornback, for his driver's license and registration. Officer Miller noticed "an odor of alcohol that was coming from the vehicle" and a wine bottle on the front seat. (R. 81). The officer further noted that Hornback's breath smelled of alcoholic beverages and that his eyes were bloodshot.

The officer asked Hornback to perform several field sobriety tests. On the "finger to nose" test, Hornback was able to touch his nose tip with his index fingers but touched the side of his nose when using his left little finger. On the "heel to toe" test, Hornback walked heel-to-toe for the requested ten steps, but then as he turned around he took a side step, shuffling one foot out to the side to catch his balance. When asked to recite the alphabet from F to Q, Hornback first recited "F, G, H, I," and then on a second try he started at F but continued past Q to the letter T. Thereafter, Officer Miller advised Hornback of the implied consent law, and Hornback agreed to submit to a chemical test for intoxication. Officer Miller, a certified breath test operator, administered a breath test to Hornback at the Cass County Jail, using a BAC Datamaster machine. The results of the test indicated that Hornback had a blood alcohol content of .12%.

After a jury trial on November 19 and 20, 1996, the jury found Hornback guilty of driving while intoxicated, a class A misdemeanor, and operating a vehicle with a blood alcohol content of .10% or more, a class C misdemeanor. Subsequently, Hornback filed a motion for judgment on the evidence, which the trial court denied.

### DECISION

1. *Judicial Notice*

Hornback claims the trial court erred by taking judicial notice of the rules and regulations promulgated by the Indiana Department of Toxicology. Specifically, he argues that under the evidence rules, when judicial notice is mandatory, such notice must be requested by a party. Because notice was not requested here, he concludes, the trial court erred in taking judicial notice *sua sponte*.

As the State observes, Hornback failed to present this question to the trial court. Absent a showing of fundamental error, a party may not raise an issue on appeal when that issue was not raised at trial. *Lloyd v. State*, 669 N.E.2d 980, 984 (Ind. 1996). Waiver notwithstanding, we look to Ind.Evidence Rule 201, which provides as follows:

> (b) **Kinds of Laws.** A Court may take judicial notice of law. Law includes ... published regulations of governmental agencies....
>
> (c) **When Discretionary.** A court may take judicial notice, whether requested or not.
>
> (d) **When Mandatory.** A court shall take judicial notice if requested by a party and supplied with necessary information.

Hornback's argument based upon the language of this rule is sophistic. As the State observes, the discretion granted the trial court under part (c) of the rule is not eliminated by part (d) of the rule. Further, in *Baran v. State*, 639 N.E.2d 642, 647 (Ind. 1994), our supreme court specifically declared that "courts are *required* to take judicial notice of the regulations concerning breath testing." (citing Ind.Code § 4–22–9–3 and *Hatch v. State*, 547 N.E.2d 276, 277 (Ind.Ct.App.1989)) (emphasis added). Therefore, when the law requires a court to take judicial notice, no request from a party is necessary in order for the court to take such judicial notice. We find no error here.

### 2. *Admission of Hornback's Breath Test*

Hornback claims the trial court erred by allowing the State to submit into evidence breath test results showing his blood alcohol content because the State failed to lay the proper foundation for the introduction of those test results. We are unable to discern his exact argument in this regard, as he discusses it "together" with the previous issue, finding it "inextricably related." Hornback's Brief at 16. However, as the State correctly notes, the following three foundational elements are required for admission of breathalyzer test results:

(1) the test was administered by an operator certified by the State Department of Toxicology;

(2) the equipment used in the test was inspected and approved by the State Department of Toxicology;

(3) the operator used techniques approved by the State Department of Toxicology.

*Nasser v. State*, 646 N.E.2d 673, 675 (Ind.Ct. App.1995); *Baran v. State*, 639 N.E.2d 642, 645–46 (Ind.1994); Ind.Code § 9–30–6–5(d).

[4] Evidence that Officer Miller was certified and that the BAC Datamaster had been inspected for compliance was admitted. Further evidence showed that Officer Miller had employed the approved techniques for conducting the breath test. Sufficient foundation was established to permit the admission of Hornback's breath test results.

### 3. *Judgment on the Evidence*

The standard of review for a denial of a motion for judgment on the evidence is the same as that for a challenge to the sufficiency of the evidence. *Jones v. State*, 472 N.E.2d 1255, 1259 (Ind.1985). On a claim that the evidence is insufficient to support a jury's verdict, we neither weigh the evidence nor judge the credibility of witnesses. *Allen v. State*, 575 N.E.2d 615 (Ind. 1991). We consider only the evidence favorable to the jury's verdict, along with all reasonable inferences that can be drawn therefrom. *Id.* If there is substantial evidence of probative value to support the conclusion of the jury, we will affirm their determination. *Id.*

Hornback contends the trial court erred by denying his motion for judgment on the evidence following the jury verdict. With respect to the conviction for operating a vehicle with a blood alcohol content of .10% or more, he directs us to the specific testimony of Hornback's physician and a toxicology expert. With respect to the conviction for driving while intoxicated, he emphasizes various other testimony.

Ind.Code 9–30–5–1(a) makes it a class C misdemeanor to operate a vehicle with .10% or more by weight of alcohol in one's blood. Evidence was properly admitted

which showed that Hornback's blood contained .12% alcohol by weight. This evidence is sufficient to support the jury's conclusion that Hornback was guilty on this charge.

 "Intoxicated" means being under the influence of alcohol such that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to the extent that endangers a person. *Platt v. State*, 589 N.E.2d 222, 227 (Ind.1992); Ind.Code § 9–13–2–86. Evidence that a driver of a motor vehicle (1) has committed a traffic violation, (2) exhibits evidence of intoxication, and (3) has a blood alcohol content of .10% or more, will sustain a conviction for operating a motor vehicle while intoxicated. *Hartman v. State*, 615 N.E.2d 455, 461 (Ind. Ct.App.1993).

Hartman committed a traffic violation when he crossed the roadway's center line two times. *See* Ind.Code § 9–21–8–2. Hartman's difficulty in performing the field sobriety tests, the odor of alcohol from within his car and on his breath, and his bloodshot eyes were evidence of intoxication. Finally, his blood alcohol content was .12%. Sufficient evidence supports the jury's conclusion that Hornback was guilty of driving while intoxicated.

We affirm the trial court's denial of Hornback's motion for judgment on the evidence.

However, we *sua sponte* note Hornback's convictions for both the charged offenses. The offense of operating a vehicle with a BAC of .10% or more is a lesser included offense of operating a vehicle while intoxicated. *See Kremer v. State*, 643 N.E.2d 357, 361 (Ind.Ct.App.1994). The State can charge a defendant with both the greater and the lesser included offense, but convictions for both offenses cannot stand. *Id.* When a defendant is found guilty of both the greater and lesser included offenses, the convictions merge, and sentences cannot be imposed on both counts. *Id.* According to the record, the trial court sentenced Hornback only for the driving while intoxicated offense, indicating that the court considered the convictions merged. Nevertheless, the record does not reflect that the latter conviction was actually vacated. Because Hornback's conviction for operating a vehicle with a BAC of .10% or more should be vacated, we remand to the trial court for that purpose.

RUCKER and GARRARD, JJ., concur.