**Tommie L. DYE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–1007–CR–741.**

Court of Appeals of Indiana.

Feb. 28, 2011.

Kimmerly A. Klee, Greenwood, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Tommie L. Dye (Dye), appeals his conviction for failure to register as a sex offender, a Class C felony, Ind.Code § 11–8–8–17.

We reverse.

### ISSUE

Dye raises two issues for our review, which we restate as the following single issue: Whether the evidence is sufficient beyond a reasonable doubt to support his conviction.

### FACTS AND PROCEDURAL HISTORY

In January 2010, Deputy Rolley Ferguson (Deputy Ferguson) of the Marion County Sex and Violent Offender Registry Compliance Unit searched for Dye on the Indiana Sex and Violent Offender Registry (Registry). Dye, who had been convicted of child molesting in 1997, was registered at his ex-wife's address on Brouse Avenue in Indianapolis, Indiana. After checking with Dye's ex-wife, she confirmed that Dye no longer lived there.

On March 15, 2010, Deputy Ferguson checked the Registry to verify whether Dye had re-registered with a different address and found that Dye had registered at "2955 NCALL, 46218." (State's Exhibit 3). After checking a street directory and a computer system, Deputy Ferguson could not locate Call Street in the 46218 area code. Believing that a mistake had been made, he concluded that the only street that could be construed as Call Street in

that area code was likely Gale Street. Deputy Ferguson drove through the 2900 block of North Gale Street and found that there was no house on that street at 2955. He then confirmed on IndyGov MapQuest that the address did not exist. At this point, he contacted the Registry and requested to be notified when Dye returned to register again. At the time, Deputy Ferguson had been informed that Dye was coming in and registering every seven days. On March 22, 2010, Dye registered again. However, someone in the Registry Office had crossed out "NCall" and first wrote "N Gail," which was crossed off and replaced with "N Gale Street." (State's Exhibit 4).

On March 29, 2010, Deputy Ferguson was notified that Dye was at the Registry Office and that Dye had used "2955 N. Gale" as his address. (State's Exh. 5). Deputy Ferguson arrested Dye for registering at a false address. During booking, Deputy Ferguson continued to ask Dye for an address, to which he replied that he was homeless.

On April 1, 2010, the State filed a two-part Information charging Dye with failure to register as a sex offender, a Class D felony, Ind.Code § 11–8–8–17. Part I alleged that Dye "did knowingly or intentionally fail to register with the proper law enforcement authority as required by I.C. § 11–8–8–17, by making a material misstatement or omission while registering as a sex offender." (Appellant's App. p. 16). Part II charged Dye with failure to register as a sex offender as a Class C Felony because of a previous conviction on September 22, 2008.

On May 25, 2010, a bench trial was held. During the trial, Dye testified that he had been homeless during the month of March. He stated that he had been staying in a vacant house on Gale Street, but did not know the address. He testified that he

had not received assistance with his registration form even though he is illiterate and did not understand many of the questions on the form. Because he is illiterate, when filling out his registration form, he copies his information from previous forms.

Additionally, Lisa Reidenbach (Reidenbach), the coordinator for the Indianapolis and Marion County Sex Offender Registry, testified that registration forms are generally filled out by hand by the offenders themselves. Registrants, regardless of whether they are illiterate or not, are not regularly assisted with their registrations—they must ask for assistance. When a registrant is homeless, Reidenbach advises them to use the location of where they sleep, when sleeping outside, even if only street coordinates.

At the close of the State's evidence, Dye moved for a judgment on the evidence, which the trial court denied. The trial court found the defendant guilty as charged. On June 9, 2010, Dye was awarded 73 days credit for time served and ordered two years direct commitment to the Marion County Community Corrections work release.

Dye now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Dye challenges the sufficiency of the State's evidence underlying his conviction. Specifically, he argues that the State presented insufficient evidence beyond a reasonable doubt to show that he knowingly made a material misstatement or omission while registering as a sex offender.

The standard of review for a denial of a motion for judgment on the evidence is the same as that for a challenge to the sufficiency of the evidence. *Hornback v. State*, 693 N.E.2d 81, 84 (Ind.Ct.App.

1998). When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

Generally, "a sex or violent offender who resides in Indiana shall register with the local law enforcement authority in the county where the sex or violent offender resides." I.C. § 11-8-8-7(b). Indiana Code section 11-8-8-8 requires the offender to include the address of where the offender is residing. If the offender does not have a permanent residence, then he

shall report in person to the local law enforcement authority in the county where the sex or violent offender resides at least once every seven (7) days to report an address for the location where the sex or violent offender will stay during the time in which the sex or violent offender lacks a principal address or temporary residence.

I.C. § 11-8-8-12(c).

The statute governing Dye's offense is Indiana Code section 11-8-8-17, which provides in relevant part:

(a) A sex or violent offender who knowingly or intentionally:

(1) fails to register when required to register under this chapter;

(2) fails to register in every location where the sex or violent offender is required to register under this chapter;

(3) makes a material misstatement or omission while registering as a sex or violent offender under this chapter;

(4) fails to register in person as required under this chapter; or

(5) does not reside at the sex or violent offender's registered address or location;

commits a Class D felony.

(b) The offense described in subsection (a) is a Class C felony if the sex or violent offender has a prior unrelated conviction for an offense:

The State alleged in the charging information that Dye "knowingly or intentionally fail[ed] to register with the proper law enforcement authority as required by I.C.[§ ]11–8–8–17, by making a material misstatement or omission while registering as a sex offender. . . ." (Appellant's App. p. 16). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35–41–2–2(b). "Because knowledge is the mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances and facts of each case." *Wilson v. State*, 835 N.E.2d 1044, 1049 (Ind.Ct.App.2005), *trans. denied.*

The evidence presented shows that Dye, who had been homeless only four weeks prior to his arrest, reported to the Registry Office in person every seven days as required by the statute governing homeless registrants. On March 15, 2010, Dye wrote down his address as "2955 NCALL." (State's Exh. 3). After Deputy Ferguson confirmed that the street did not exist and informed the Registry Office, someone in the office crossed out the street name and replaced it with "2955 N Gail" and then to finally "2955 N. Gale" (State's Exh. 4). Dye testified that he did not make that change. Therefore, the address was changed by someone other than Dye due to Deputy Ferguson's belief that Dye *must have* intended to write down Gale Street. Dye testified that no one had told him that

there was no Call Street and that it should be Gale Street. Essentially, someone in the Registry Office materially changed Dye's registration form and Dye simply copied this information on subsequent registration forms.

It is clear that there were a number of errors on Dye's registration forms including his address due to the fact that he is illiterate—a fact that even the trial court acknowledged stating "[i]t is clear from looking at the form that the defendant is close to, if not completely, illiterate." (Transcript p. 42). Because he is illiterate, Dye completes his registration forms by copying answers from other papers that he has. Dye acknowledged that many of his answers were incorrect because he simply did not understand the form. First and foremost, Dye listed his address on the line asking for "Alias/nickname(s)." (State's Exh. 3–5). Where the form asks for the registrant's email address, Dye listed "Child mlesting." (State's Exh. 3). Additionally, under "length of sentence," Dye wrote a nonexistent word "Pawle" and also checked the box "no" next to the question asking whether he spoke English. (State's Exh. 3–5) Given the fact that Dye is illiterate, was not assisted when registering, and complied with I.C. § 11–8–8–12(c) by appearing in person every seven days, we find that the evidence is insufficient to convict him of failing to register as a sex offender.

## CONCLUSION

Based on the foregoing, we conclude that the evidence is insufficient to convict Dye of failure to register as a sex offender.

Reversed.

ROBB, C.J., and BROWN, J., concur.