**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK K. PHILLIPS**
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LYNNETTE A. WIRE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 87A05-1106-CR-410 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-1009-CM-196

**March 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Lynnette Wire appeals her convictions for Class C misdemeanor operating a vehicle with a BAC between .08 and .15, Class C misdemeanor operating a vehicle while intoxicated, and Class C infraction driving left of center. We affirm in part, vacate in part, and remand.

**Issues**

Wire raises three issues, which we consolidate and restate as:

I.     whether the verdicts were incompatible; and

II.    whether the evidence is sufficient to sustain her convictions.

**Facts**

On July 28, 2010, Officer Jacob Ritchie of the Boonville Police Department was driving southbound on Yankeetown Road when he observed Wire's vehicle in front of him. Wire's vehicle "crossed the marked center line," and Officer Ritchie initiated a traffic stop. Tr. p. 10. Wire struggled to get her driver's license out of her wallet. She smelled of alcohol, she had bloodshot and watery eyes and slurred speech, and she staggered. Officer Ritchie performed three field sobriety tests on Wire, and she failed each of them. Officer Thomas Anderson then performed a chemical breath test on Wire, which indicated that she had a blood alcohol content of .12.

The State charged Wire with Class A misdemeanor operating a vehicle while intoxicated endangering a person, Class C misdemeanor operating a vehicle with a BAC between .08 and .15, Class C misdemeanor operating a vehicle while intoxicated, and

Class C infraction driving left of center. At Wire's jury trial, Officer Ritchie testified that Wire's vehicle "crossed the marked center line." Id. On cross-examination, Officer Ritchie testified that his report provided that Wire's vehicle "drove left of center crossing the marked yellow line…." Id. at 38. Officer Ritchie clarified that he did not necessarily consider a "marked yellow line" to be a solid line. Id. at 42. On further questioning from Wire, Officer Ritchie later testified that, at the time of the traffic stop, Yankeetown Road had a solid yellow center line. Wire then questioned Officer Ritchie about precisely where he started following her on Yankeetown Road. Officer Ritchie clarified that he must have started following her at the intersection with Oak Road. Officer Ritchie also clarified the exact location of the traffic stop. Wire presented later presented evidence that a dashed yellow or white line had been in place on Yankeetown Road since September 2008.

The jury found Wire not guilty of Class A misdemeanor operating a vehicle while intoxicated endangering a person and guilty of Class C misdemeanor operating a vehicle with a BAC between .08 and .15, Class C misdemeanor operating a vehicle while intoxicated, and Class C infraction driving left of center. The trial court sentenced Wire to concurrent suspended sentences of sixty days in jail for each of the Class C misdemeanors and six months of probation. Wire now appeals.

**Analysis**

***I. Incompatible Verdicts***

Wire argues that the verdicts issued by the jury here are incompatible. However, our supreme court has held that "[j]ury verdicts in criminal cases are not subject to

appellate review on grounds that they are inconsistent, contradictory, or irreconcilable." Beattie v. State, 924 N.E.2d 643, 649 (Ind. 2010). Thus, Wire's argument is not subject to appellate review.

## II. *Sufficiency of the Evidence*

Wire also argues that the evidence is insufficient to sustain her convictions. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id. As for the infraction, we note that traffic infractions are civil, rather than criminal, in nature, and the State must prove the commission of the infraction only by a preponderance of the evidence. Rosenbaum v. State, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), trans. denied.

Initially, we note that, although not raised by Wire, the State concedes that Wire's convictions and sentences for both Class C misdemeanor operating a vehicle with a BAC between .08 and .15 and Class C misdemeanor operating a vehicle while intoxicated violate the prohibition against double jeopardy. See Appellee's Br. pp. 3-5 n.1 (citing Hornback v. State, 693 N.E.2d 81 (Ind. Ct. App. 1998)). The State asks that we remand for the trial court to vacate the conviction for operating while intoxicated. Consequently, we remand for the trial court to vacate the conviction for Class C misdemeanor operating a vehicle while intoxicated.

4

As for Wire's arguments, she seems to contend that, to find her not guilty of the Class A misdemeanor charge, the jury had to find she did not cross the center line, and thus, there was no probable cause to stop her. According to Wire, "if there was no evidence to support the initial traffic stop, there is no evidence to support any of the offenses resulting therefrom as they were ascertained from an illegal traffic stop." Appellant's Br. p. 10. Wire did not file a motion to suppress evidence from the traffic stop on this basis, and she did not object at the trial to the admission of evidence from the traffic stop on this basis. To the extent that her argument is cogent, it is waived for failure to object at trial. See Ind. Appellate Rule 46(A)(8); Brown v. State, 783 N.E.2d 1121, 1125 (Ind. 2003) ("The failure to make a contemporaneous objection to the admission of evidence at trial, so as to provide the trial court an opportunity to make a final ruling on the matter in the context in which the evidence is introduced, results in waiver of the error on appeal.").

As for Wire's challenge to the sufficiency of her remaining convictions for Class C misdemeanor operating a vehicle with a BAC between .08 and .15 and driving left of center, we note that she makes no direct argument regarding the elements of either offense. See Ind. Code § 9-30-5-1 (operating a vehicle with a BAC between .08 and .15); Ind. Code § 9-21-8-2 (driving left of center). Her argument seems to be that Officer Ritchie's testimony was not credible.[1] However, this is merely a request that we reweigh

---

[1] In her reply brief, Wire argues for the first time that Officer Ritchie's testimony was incredibly dubious. A claim raised for the first time in a reply brief is waived. See French v. State, 778 N.E.2d 816, 825-26 (Ind. Ct. App. 2002).

the evidence and judge the credibility of the witnesses, which we cannot do. The State presented evidence that Officer Ritchie observed Wire cross the center line[2] on Yankeetown Road and that he initiated a traffic stop as a result. A chemical breath test showed that Wire had a BAC of .12. This evidence is sufficient to sustain her convictions.

## Conclusion

Wire's argument that the verdicts are incompatible is not subject to appellate review, and the evidence is sufficient to sustain her convictions for Class C misdemeanor operating a vehicle with a BAC between .08 and .15 and Class C infraction driving left of center. We remand for the trial court to vacate Wire's conviction for Class C misdemeanor operating while intoxicated. We affirm in part, vacate in part, and remand.

Affirmed in part, vacated in part, and remanded.

KIRSCH, J., and BRADFORD, J., concur.

---

[2] Wire incorrectly argues that "the evidence was that there was no center line on that roadway at the time of the traffic stop." Appellant's Br. p. 9. Wire presented evidence that a dashed white or yellow center line was present at the time of the traffic stop.