## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2015, 9:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Craven,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 29, 2015<br><br>Court of Appeals Case No.<br>49A02-1502-CR-107<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy M. Jones, Judge<br><br>Trial Court Cause No.<br>49F08-1405-CM-26546 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, William Craven (Craven), appeals his conviction for Count I, operating a vehicle while intoxicated in a manner that endangers a person, a Class A misdemeanor, Ind. Code § 9-30-5-2(b); and Count II, operating a vehicle with an alcohol concentration of at least 0.08% but less than 0.15%, a Class C misdemeanor, I.C. § 9-30-5-1(a).

We affirm in part, reverse in part, and remand.

## ISSUE

Craven raises one issue on appeal, which we restate as follows: Whether Craven's conviction for two Counts of driving while intoxicated, one as a Class A misdemeanor and the other as a Class C misdemeanor, violates Indiana Code section 35-38-1-6.

## FACTS AND PROCEDURAL HISTORY

Shortly before 3:00 a.m. on December 28, 2013, Erika Wells (Wells) was awakened by a loud noise. When she went to her bedroom window to investigate, Wells observed a vehicle "doing donuts in the parking lot" of the nearby golf course clubhouse. (Tr. p. 6). Wells continued watching from her window as the vehicle—a red GMC pickup truck—pulled out of the parking lot and traveled "really fast down the road, hit an embankment and flipped upside down in [her] neighbor's backyard." (Tr. pp. 6-7). Wells ran outside to check on the vehicle's occupants while another neighbor reported the accident to the

Indianapolis Metropolitan Police Department (IMPD). Wells identified Craven as the driver of the vehicle.

[5] A short time later, IMPD Officer Clinton Ellison (Officer Ellison) arrived on the scene and observed Craven, who had some minor bleeding and appeared to be in pain, sitting on the ground next to the overturned truck. Craven's passenger was standing nearby. Officer Ellison inquired about the cause of the accident, and Craven answered "that he was being stupid, that he was driving too fast, lost control and the crash occurred." (Tr. p. 25). During their interaction, Officer Ellison detected the odor of alcohol on Craven's breath and also noticed that Craven's eyes were bloodshot and his speech was slurred. When asked, Craven admitted that he had consumed alcoholic beverages. Due to Craven's injuries, Officer Ellison was unable to conduct field sobriety tests. Craven was transported to the hospital, where a chemical blood test was performed which revealed that Craven's blood alcohol content (BAC) was within the range of 0.13% to 0.14%. As a result of the accident, Craven sustained "substantial internal injuries." (Tr. p. 31).

[6] On May 21, 2014,[1] the State filed an Information, charging Craven with Count I, operating a vehicle while intoxicated in a manner that endangered a person, a Class A misdemeanor, I.C. § 9-30-5-2(b); and Count II, operating a vehicle with a BAC equivalent to at least 0.08% but less than 0.15%, a Class C

---

[1] Although the Chronological Case Summary states that the case was filed on May 21, 2014, the file stamp on the Information indicates that the filing date was May 12, 2014.

misdemeanor, I.C. § 9-30-5-1(a). On January 29, 2015, the trial court conducted a bench trial and, at the close of the evidence, found Craven guilty on both Counts. Immediately following its judgment, the trial held a sentencing hearing. On Count I, the trial court imposed 365 days of probation, with 275 days suspended and 90 days executed on home detention through Community Corrections. The trial court stipulated that if Craven completed his mandatory substance abuse evaluation and treatment and paid his fees prior to the expiration of the probationary period, his probation would terminate early. As to Count II, the trial court ordered a concurrent sentence of 90 days executed on home detention through Community Corrections.

[7] Craven now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Craven claims that his conviction for both Counts of operating while intoxicated runs afoul of the double jeopardy principles embodied in Indiana Code section 35-38-1-6.[2] Specifically, Craven contends that operating a vehicle with a BAC of at least 0.08% but less than 0.15%, a Class C misdemeanor, is a lesser included offense of operating a vehicle while intoxicated in a manner that endangers a person, a Class A misdemeanor. Therefore, he argues that his

_____

[2] Craven does not present a double jeopardy argument based upon the United States or Indiana Constitutions; rather, he "relies solely upon a statutory double jeopardy argument." *Parks v. State*, 734 N.E.2d 694, 701 n.9 (Ind. Ct. App. 2000), *trans. denied*.

conviction and sentence on the lesser offense must be vacated. The State agrees with Craven.

[9] Indiana Code section 35-38-1-6 provides that if "a defendant is charged with an offense and an included offense in separate counts[] and . . . is found guilty of both counts[,] judgment and sentence may not be entered against the defendant for the included offense." This is because a conviction of both an offense and its lesser included offense is tantamount "to convicting a defendant twice for the same conduct." *Parks*, 734 N.E.2d at 701. Our court has previously determined that "an offense is a lesser included offense if it differs from another only in the respect that a less serious . . . risk of harm . . . to the public interest . . . is required to establish its commission." *Watson v. State*, 972 N.E.2d 378, 384 (Ind. Ct. App. 2012) (ellipsis in original) (quoting *Sering v. State*, 488 N.E.2d 369, 375 (Ind. Ct. App. 1986)) (internal quotation marks omitted).

[10] Indiana's General Assembly has classified operating a vehicle while intoxicated in a manner that endangers a person as a Class A misdemeanor, whereas operating a vehicle with a BAC of at least 0.08% but less than 0.15% is a Class C misdemeanor. Thus, the legislature has clearly determined that the risk occasioned by the intoxicated person who drives in a manner that endangers a person is greater than the risk occasioned by the driver with a BAC of at least 0.08% but less than 0.15%. *See Sering*, 488 N.E.2d at 376. "Given the disparate classifications of the two alcohol-related offenses, it is evident that the legislature intended the [latter] to be a lesser-included offense of the [former]." *Watson*, 972 N.E.2d at 384. Although "[t]he State can charge a defendant with

both the greater and the lesser included offense, . . . convictions for both offenses cannot stand." *Hornback v. State*, 693 N.E.2d 81, 85 (Ind. Ct. App. 1998). Accordingly, we remand this case to the trial court with instructions to vacate Craven's Class C misdemeanor conviction for operating a vehicle with a BAC of at least 0.08% but less than 0.15%.

## CONCLUSION

Based on the foregoing, we affirm Craven's conviction for Count I and conclude that Craven's conviction for Count II, operating a vehicle with a BAC of at least 0.08% but less than 0.15%, a Class C misdemeanor, violates Indiana Code section 35-38-1-6 because it is a lesser included offense of operating a vehicle while intoxicated in a manner that endangers another person, a Class A misdemeanor.

Affirmed in part, reversed in part, and remanded.

Brown, J. and Altice, J. concur