Mark SALES, Appellant–Cross–
Appellee–Defendant,

v.

STATE of Indiana, Appellee–Cross–
Appellant–Plaintiff.

No. 08A02–9806–CR–515.

Court of Appeals of Indiana.

Sept. 10, 1999.

Nicholas C. Deets, Heide Sandy Deets & Kennedy, Lafayette, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION ON REHEARING**

NAJAM, Judge

The State petitions for rehearing of our opinion in *Sales v. State,* 714 N.E.2d 1121 (Ind.Ct.App.1999), and asks that we either

property or the value the court ultimately select- ed, and we do not address the issues.

delete or clarify a sentence which appears in the last paragraph of the opinion. We grant the State's petition for rehearing for this limited purpose.[1]

■ The State challenges our conclusion that, in its prosecution of Sales, the State will be required to present evidence to correlate the amount of alcohol in his breath, as reported by the printout, with the amount of alcohol in his blood, an element of Indiana Code Section 9–30–5–1(a)(1). *Id.* at 1129. We held in *Sales,* in part, that Indiana Code Section 9–30–5–1(a)(2), which prohibits operating a vehicle with .10% by weight of alcohol in grams in 210 liters of breath, is defective on its face and will not support a conviction. Our holding, however, does not affect the validity of Indiana Code Section 9–30–5–1(a)(1), which prohibits operating a vehicle with .10% by weight of alcohol in grams in 100 milliliters of blood, or of Indiana Code Section 9–30–5–2, which prohibits operating a vehicle while intoxicated. As a result, the State may continue to prosecute Sales under the blood-alcohol and driving while intoxicated provisions.

The Intoxilyzer 5000 machine printout in this case reported that Sales had .14 grams of alcohol in 210 liters of breath. We first note that, had we upheld the breath-alcohol provision of the statute, the State could have sustained a conviction under that provision by presenting the printout alone as evidence. However, because we found the breath-alcohol provision defective, we determined that when the State is left to prosecute under the blood-alcohol provision it must present evidence to correlate the amount of alcohol in Sales' breath with the amount of alcohol in his blood.

In its petition for rehearing, the State maintains that judges and prosecutors are interpreting the above sentence to require additional proof, in the form of expert testimony, to establish a violation of Indiana Code Section 9–30–5–1(a)(1) and Indiana Code Section 9–30–5–2. The State complains, without citation to authority, that expert testimony has never before been "re-quired to equate the breath measure to blood alcohol content" and that to require such evidence now would "affect every [OWI] prosecution in the state where a breath test machine result is presented as evidence."

In *Baran v. State,* 639 N.E.2d 642, 647–48 (Ind.1994), our supreme court held that trial courts are entitled to take judicial notice of the fact that the Intoxilyzer 5000 machine automatically "converts" the content of alcohol in a person's breath to the content of alcohol in the person's blood. The holding in *Baran* relieved the State of submitting formal proof of the process by which the breath test machine measured alcohol in the breath but reported alcohol in the blood. Unlike the printout in *Baran,* the printout in this case reported grams of alcohol per 210 liters of breath. As a result, the machine both measured and reported the weight in grams of alcohol in Sales' breath.

We held in *Issue One* of our opinion that a breath test printout which reports the amount of alcohol in 210 grams of a person's breath may be admissible in evidence. The admissibility of the printout, however, does not relieve the State of its burden to prove what the number reported on the printout represents. Thus, on rehearing, we are asked to address whether the trial court is entitled to take judicial notice that, when a breath test machine reports that a person has .14 grams of alcohol in 210 liters of his breath, the person necessarily has .14 grams of alcohol in 100 milliliters of his blood.

■ Courts are permitted to take judicial notice of Indiana law. Ind. Evidence Rule 201(b). Further, courts are required to take judicial notice of the regulations concerning breath testing. *See* IND.CODE § 4–22–9–3; *see also Hatch v. State,* 547 N.E.2d 276, 277 (Ind.Ct.App.1989). At the time Sales' breath test was performed, however, the legislature had not enacted a statute, nor had the Department of Toxicology promulgated a rule, of which the courts could take judicial notice concerning breath test results reported in grams of alcohol in 210 liters of breath.[2] In

---

1. Sales also filed a petition for rehearing which we deny without opinion.

2. On January 6, 1999, the Department of Toxicology amended Title 260, Rule 1.1–5–1 of the Indiana Administrative Code to reflect the

addition, there is no statute or regulation which explains the correlation between the amount of alcohol in grams in 210 liters of breath and the amount of alcohol in grams in 100 milliliters of blood. The trial court cannot take judicial notice of a statute, rule or regulation which does not exist.

■ However, courts may also take judicial notice of a fact. Evid. R. 201(a). A judicially-noticed fact is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Id.* In the prosecution of Sales, there must be evidence before the court showing the correlation between the amount of alcohol in 210 liters of breath and the amount of alcohol in 100 milliliters of blood. Unlike in *Baran,* an Intoxilyzer 5000 printout which reports the amount of alcohol in 210 liters of breath cannot, by itself, sustain a conviction under the blood-alcohol provision. We express no opinion whether, in lieu of additional proof presented by the State, there exists a conversion formula of which the court may take judicial notice under Evidence Rule 201(a).

■ It is the legislature's task to draft our criminal statutes, and the Department of Toxicology's responsibility to promulgate administrative regulations concerning breath tests and breath test results. Absent a valid statute or administrative regulation admissible under Evidence Rule 201(b), either additional evidence or a judicially-noticed fact admissible under Evidence Rule 201(a) is required where the prosecution relies upon a printout that expresses its results in grams of alcohol in liters of breath. The legislature and the Department of Toxicology can address and resolve this problem which we have identified but cannot correct within the ambit of a judicial opinion. The State's petition for rehearing is granted, and we re-

affirm the sentence in our opinion which the State challenges on rehearing.

GARRARD, J., and KIRSCH, J., concur.

change in the unit of measurement Intoxilyzer 5000 machines report. *See* 22 Ind. Reg. 976 (1998) (to be codified at Ind Admin. Code tit. 260, r. 1.1–5–1) ("The instrument must analyze breath samples and the numerical value it reports shall be expressed as percent by weight of alcohol in one hundred (100) milliliters blood or grams of alcohol per two hundred ten (210) liters of breath.").