**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

FILED

Sep 23 2014, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL E. MATTHEWS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1401-CR-5 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Richard McCormick, Magistrate
Cause No. 71D04-1308-CM-3700

**September 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Paul E. Matthews was convicted of operating a motor vehicle while intoxicated[1] as a Class A misdemeanor. On appeal, Matthews contends that the State failed to present sufficient evidence that he was intoxicated while operating his vehicle.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 7, 2013, Officer Brandon Ruth, a fourteen-year veteran of the Mishawaka Police Department, had just started his patrol when he encountered the scene of a two-car collision in Mishawaka. A blue car, which had sustained rear-end damage, was resting in the intersection of Main Street and Broadway. A second car, later determined to be driven by Matthews, had damage to its front and was still rolling away from the blue car when Officer Ruth first observed it. Officer Ruth assisted the driver of the blue car because that vehicle was leaking gasoline.

Officer Ruth then approached Matthews's car and asked him step out of the vehicle. Matthews extricated himself from his car with difficulty, and he forgot to turn off the engine. Officer Ruth detected the odor of alcoholic beverage "around" Matthews. *Tr.* at 11. Matthews had difficulty retrieving his driver's license from his back pocket and wallet. His speech was slurred, and his eyes were bloodshot.

In response to Officer Ruth's questioning, Matthews reported that he had not been injured in the accident and had no previous impairment. Officer Ruth then administered three field sobriety tests ("FSTs"), all three of which Matthews failed. During the one-leg

---

[1] *See* Ind. Code § 9-30-5-2(b).

2

stand test, Matthews failed to count out loud, put his foot down repeatedly, and stopped the test before completing it.  When he took the horizontal gaze nystagmus test, Matthews displayed jerking eye movement, failed to follow the pen that was being used in the test, and turned his head.  During the third test, the nine-step walk and turn, Matthews walked off of the line, failed to walk heel-to-toe, and raised his arm in order to balance himself.  Matthews consented to a portable breathalyzer test ("PBT"), but he did not blow into the tube as instructed.  Matthews refused to take a certified breath test.  Matthews was transported to the hospital and was cleared for release to the St. Joseph County Jail.

The State charged Matthews with operating while intoxicated as a Class A misdemeanor and as a Class C misdemeanor.  Following a bench trial, the trial court found Matthews guilty on both counts but entered judgment of conviction only on the Class A misdemeanor.  The trial court sentenced Matthews to 365 days in jail, with four days credit for time served, and the remainder suspended to probation.  Matthews now appeals.

## DISCUSSION AND DECISION

Matthews contends that the State failed to present sufficient evidence of his intoxication and failed to show that he was intoxicated while he drove his car.  Our standard of reviewing claims of sufficiency of the evidence is well settled.  When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict.  *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007).  We do not reweigh the evidence or assess witness credibility.  *Id*.  We consider conflicting evidence most favorable to the trial court's ruling.  *Id*.  We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable

3

doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

In order to convict Matthews of the offense as a Class A misdemeanor, the State was required to show that Matthews operated a vehicle while intoxicated in a manner that endangered a person. Ind. Code § 9-30-5-2(b). Intoxication is defined as being under the influence of alcohol such that "there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. Furthermore, intoxication may be shown by "evidence of consumption of significant amounts of alcohol, impaired attention and reflexes, watery or bloodshot eyes, an odor of alcohol on the breath, unsteady balance, failed field sobriety tests and slurred speech." *Matlock v. State*, 944 N.E.2d 936, 941 (Ind. Ct. App. 2011) (citation omitted). "Proof of a person's blood alcohol content is not required to establish intoxication." *Id.* (citing *Ballinger v. State*, 717 N.E.2d 939, 943 (Ind. Ct. App. 1999)).

The evidence most favorable to the verdict was that Matthews exhibited a number of indicia of intoxication. His attention was impaired, as shown by evidence that he failed to follow instructions given for the FSTs. He had bloodshot eyes and slurred his speech. He smelled of alcohol and displayed unsteady balance during the FSTs. Matthews failed all three of the FSTs given to him. This is sufficient evidence to support the trial court's conclusion that Matthews was intoxicated. *See Fields v. State*, 888 N.E.2d 304, 307-08 (Ind. Ct. App. 2008) (defendant pulled himself from his car, was unsteady on his feet, smelled of alcohol, slurred his speech, had red, watery eyes, and failed three FSTs);

4

*Ballinger,* 717 N.E.2d at 943 (evidence "overwhelming" where defendant had odor of alcohol on his breath, red, glassy eyes and slurred speech, difficulty with balance, and failed horizontal gaze nystagmus, nine-step walk heel-to-toe, and one-leg stand FSTs); *see also Luckhart v. State*, 780 N.E.2d 1165, 1167 (Ind. Ct. App. 2003) (defendant "smelled of alcohol, had bloodshot eyes and slurred speech, and was having difficulty balancing himself."), *disapproved of on other grounds by Ham v. State*, 826 N.E.2d 640 (Ind. 2005). Nevertheless, Matthews guides our attention to various facts he argues the State should have proved, and he reiterates explanations for his conduct that he offered at trial. These arguments require us to reweigh the evidence and to consider evidence that does not support the verdict, something that we cannot do. *Drane*, 867 N.E.2d at 146.

Matthews also contends that Officer Ruth's testimony, the sole evidence supporting his conviction, is insufficient because it was incredibly dubious. The "incredible dubiosity" rule is as follows:

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002) (citing *Stephenson v. State*, 742 N.E.2d 463, 498 (Ind. 2001)); *Bradford v. State*, 675 N.E.2d 296, 300 (Ind. 1996).

The gist of Matthews's argument on this point is that Officer Ruth's testimony was incredibly dubious because there were inconsistencies between his trial testimony and the written documents he completed attendant to Matthews's arrest. However, as pointed out

5

by the State, inconsistencies between witness trial testimony and witness statements made or prepared before trial do not render the witness's testimony incredibly dubious. *See Stephenson*, 742 N.E.2d at 498. There was nothing inherently improbable about Officer Ruth's testimony on any of the facts mentioned by Matthews on appeal. Matthews's attorney cross-examined Officer Ruth regarding the discrepancies between his trial testimony and his paperwork, so the trial court was aware of them but convicted Matthews anyway. Essentially, Matthews now seeks to re-impeach Officer Ruth on appeal, which is a claim we may not consider. *Drane*, 867 N.E.2d at 146.

Matthews also argues that the State failed to show that he drove and was intoxicated contemporaneously. However, the evidence showed that Officer Ruth came upon the scene of the crash while Matthews's car was still moving. Additionally, the other driver and Matthews were still in their cars when the officer made contact with them. Officer Ruth then noted the indicia of Matthews's intoxication. This is not a case where there was a period of time after the accident when Matthews went unobserved during which he could have become inebriated. *See Gatewood v. State*, 921 N.E.2d 45, 50 (Ind. Ct. App. 2010) (insufficient evidence that defendant drove while intoxicated where uncontradicted evidence was he drank after driving and went unobserved for an hour after parking), *trans. denied*. The timing of Officer Ruth's arrival on the scene and the absence of any evidence that there was liquor or liquor containers in Matthews's car raised a reasonable inference that Matthews was intoxicated while he drove.

Affirmed.

BAKER, J., and ROBB, J., concur.

6