## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 11 2015, 8:48 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Dori Newman
Newman & Newman, PC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory R. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel Cummings,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 11, 2015

Court of Appeals Cause No.
29A02-1407-CR-509

Appeal from the Hamilton Superior Court.
The Honorable Gail Bardach, Judge.
Cause No. 29D06-1306-CM-4740

**Barteau, Senior Judge**

## Statement of the Case

[1]     Daniel Cummings appeals his conviction by jury of Operating a Vehicle While

Intoxicated as a Class C misdemeanor.[1]  We affirm.

## Issue

The sole issue for our review is whether there is sufficient evidence to support Cummings' conviction.

## Facts and Procedural History

On June 20, 2013, at approximately 9:15 a.m., Carmel Police Department Officer Chad Amos stopped Cummings for speeding.  As he approached the car, Officer Amos smelled a strong odor of burnt marijuana emanating from the vehicle.  When Officer Amos asked Cummings for his registration, Cummings shuffled through a stack of papers in his glove box unable to find it.  Officer Amos saw the registration in the papers and pointed it out to Cummings.  Officer Amos noticed that Cummings' speech was slurred and repetitive, and his eyes were red, glassy, and bloodshot.

Officer Amos asked Cummings to exit the vehicle, where the officer found a half-smoked marijuana cigarette directly to the left of the driver's seat.  As he prepared to administer field sobriety tests, Officer Amos performed a routine check of Cummings' mouth for foreign objects and found a "green plant material floating all around in his mouth, stuck to his teeth, and coating the

[1] Ind. Code § 9-30-5-2 (2001).

inside of his mouth as if he had just chewed a plant material." Tr. p. 140. The plant material looked and smelled like marijuana.

[5] Thereafter, Officer Amos administered several field sobriety tests. During the horizontal gaze nystagmus test, Cummings' eyes did not converge or cross. This is a sign of marijuana use because certain drugs such as cannabis do not permit eye convergence. In addition, Officer Amos observed that Cummings had body tremors. Cummings failed both the one-leg stand and the nine-step walk and turn test because he stepped off the line, missed the heel to toe, used his arms for balance, and took eight steps instead of nine.

[6] When Cummings refused to submit to a chemical test, Officer Amos obtained a search warrant for Cummings' blood, which was drawn at the Hamilton County Jail. Lab tests revealed 3.9 nanograms of THC per milliliter of blood, which is a level where one would expect to see impairment.

[7] A jury convicted Cummings of possession of marijuana as a Class A misdemeanor and operating a vehicle while intoxicated as a Class C misdemeanor. Cummings appeals his conviction for operating a vehicle while intoxicated as a Class C misdemeanor.

## Discussion and Decision

[8] Cummings argues that there is insufficient evidence to support his conviction. Specifically, his sole contention is that there is insufficient evidence that he was intoxicated.

[9] In reviewing the sufficiency of the evidence, this Court will affirm the convictions if the probative evidence and reasonable inferences to be drawn therefrom could allow a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). On appeal, we do not reweigh the evidence or judge the credibility of witnesses. *Fields v. State*, 679 N.E.2d 898, 900 (Ind. 1997). Rather, we look only to the evidence and reasonable inferences supporting the judgment to determine whether the trier of fact could reasonably reach the conclusion. *Id.* If there is substantial evidence of probative value supporting a conviction, this Court will not set the judgment aside. *Id.*

[10] Indiana Code section 9-30-5-2 provides that a person who operates a vehicle while intoxicated commits a Class C misdemeanor. Proof of intoxication may be established by showing impairment. *Perkins v. State*, 812 N.E.2d 836, 841 (Ind. Ct. App. 2004). Evidence of the following can establish impairment: 1) impaired attention and reflexes; 2) watery or bloodshot eyes; 3) the odor of marijuana; 4) unsteady balance; 5) failure of field sobriety tests; and 6) slurred speech. *See Ballinger v. State*, 717 N.E.2d 939, 943 (Ind. Ct. App. 1999).

[11] Here, our review of the evidence reveals that Cummings exhibited impaired attention and reflexes as evidenced by his decreased manual dexterity and fumbling through papers trying to find his car registration. He also exhibited red, glassy, and bloodshot eyes as well as slurred and repetitive speech. Officer Amos smelled the strong odor of burning marijuana emanating from the vehicle, and Cummings failed several field sobriety tests, including the nine-step

walk and turn test and the one-leg stand test. This is sufficient evidence from which a jury could have concluded beyond a reasonable doubt that Cummings was intoxicated at the time Officer Amos stopped him for speeding.

[12] Affirmed.

[13] Baker, J., and Riley, J., concur.