## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 29 2018, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David M. Payne
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David A. Kinder,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 29, 2018

Court of Appeals Case No.
18A-CR-654

Appeal from the Grant Superior Court

The Honorable Warren Haas, Judge

Trial Court Cause No.
27D03-1704-CM-51

**Friedlander, Senior Judge.**

[1] A few minutes after midnight on April 12, 2017, Indiana State Police Trooper Steven Glass was patrolling Grant County when he began following a vehicle after the driver failed to signal while pulling out of a gas station. The vehicle, driven by Kinder, wove back and forth between the center line and fog line, and Kinder failed to timely signal before making an abrupt right turn. Trooper Glass, a field sobriety instructor, initiated a traffic stop.

[2] Upon approaching the vehicle, Trooper Glass began talking to Kinder and noticed Kinder's slurred speech and glassy, bloodshot eyes. Kinder was lethargic and fumbled through his wallet to retrieve his driver's license. Trooper Glass detected the odor of alcoholic beverage emanating from the vehicle and asked Kinder if he had been drinking, to which Kinder responded that he had had a couple of beers thirty minutes before. Suspecting impairment, Trooper Glass asked Kinder to exit the vehicle and administered three field sobriety tests ("FSTs"). Kinder failed all three FSTs and had difficulty maintaining his balance at times.

[3] Following the failed FSTs, Trooper Glass attempted to administer a portable breath test but was unable to do so due to discovering marijuana in Kinder's mouth. Two additional FSTs were then administered, both of which Kinder also failed. Kinder was transported to the Grant County Jail, where a certified breath test determined his blood alcohol content ("BAC") to be 0.074.

[4] On April 21, the State charged Kinder with one count of Class C misdemeanor operating a vehicle while intoxicated. Following a bench trial held on February

28, 2018, the trial court found Kinder guilty as charged and sentenced him to sixty days of incarceration, with two days executed and the remainder suspended to probation.

[5]     Kinder contends that the State failed to produce sufficient evidence to establish that he was intoxicated while operating his vehicle. When reviewing the sufficiency of the evidence, we do not reweigh evidence or assess witness credibility. *Fields v. State*, 888 N.E.2d 304 (Ind. Ct. App. 2008). We consider the evidence most favorable to the factfinder's decision and the reasonable inferences drawn therefrom. *Id.* We will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.*

[6]     "Intoxicated" is defined as being "under the influence of alcohol so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86(1) (2013). Proof of intoxication may be established by showing impairment and does not require proof of any particular BAC. *Ballinger v. State*, 717 N.E.2d 939 (Ind. Ct. App. 1999). Impairment can be established by evidence showing (1) the consumption of significant amounts of alcohol, (2) impaired attention and reflexes, (3) watery or bloodshot eyes, (4) the odor of alcohol on the breath, (5) unsteady balance, (6) failure of FSTs, or (7) slurred speech. *Id.*

[7]     Kinder does not contest that he was operating the vehicle, only that he was intoxicated while doing so. We conclude that there was ample evidence of

impairment from which the trial court could have reasonably found beyond a reasonable doubt that Kinder was intoxicated. Kinder admitted that he had been drinking, and Trooper Glass detected the odor of alcoholic beverage coming from inside the vehicle. Kinder's eyes were bloodshot and his speech was slurred. Kinder's poor manual dexterity, as he fumbled through his wallet to retrieve his driver's license, displayed impaired reflexes. Finally, Kinder failed all five FSTs and had difficulty maintaining his balance while they were administered. Kinder argues that the proof of intoxication was insufficient by pointing to the fact that his BAC was below the 0.08 legal limit as set forth in Indiana Code section 9-30-5-1(a)(2) (2001), which provides that "[a] person who operates a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per two hundred ten (210) liters of the person's breath commits a Class C misdemeanor." Kinder, however, was not charged under Indiana Code section 9-30-5-1, and we have previously noted that proof of intoxication does not require proof of BAC for the offense of which Kinder was convicted. *See Ballinger*, 717 N.E.2d 939. Kinder has failed to establish that the State produced insufficient evidence to support the trial court's determination that he was intoxicated while operating a vehicle.

[8] Judgment affirmed.

Riley, J., and Kirsch, J., concur.