## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 02 2020, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Logan Miesen,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 2, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1932<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Clayton A. Graham, Judge<br><br>Trial Court Cause No.<br>49G07-1905-CM-19844 |

**Darden, Senior Judge.**

# Statement of the Case

Timothy Logan Miesen appeals his conviction of operating a vehicle while intoxicated in a manner endangering a person, a Class A misdemeanor.[1] We affirm.

# Issues

Miesen raises two issues, which we restate as:

> I. Whether the trial court erred by admitting a laboratory report into evidence.

> II. Whether the evidence is sufficient to sustain his conviction.

# Facts and Procedural History

On May 18, 2019, at approximately 6 p.m., Officer Kyle Jones was dispatched to investigate a report of an accident involving personal injury. When he arrived at the scene, he saw a moped laying on the side of the road, with minor scrapes on its right side. Jones also encountered Miesen, who was being treated by medics for an injury to his right leg. There were no other civilians in the area.

---

[1] Ind. Code § 9-30-5-2 (2001).

[4] Jones asked Miesen what happened, and Miesen told Jones "he hit another vehicle while he was driving his moped." Tr. Vol. II, p. 6. Jones noted that Miesen's pupils were "constricted," and he had slurred speech. *Id.* at 7. Next, Jones had Miesen perform a horizontal gaze nystagmus test. Miesen failed the test, which, according to Jones' training, is a sign of intoxication. Jones did not ask Miesen to perform any other field sobriety tests because his injured leg limited his mobility.

[5] Next, Jones asked Miesen to consent to a blood draw, and Miesen refused. Jones arrested Miesen and transported him to a hospital to have a blood sample drawn pursuant to a "warrant blood draw."[2] *Id.* at 9.

[6] Jones testified at trial that the blood draw occurred approximately two hours after he first encountered Miesen. At the hospital, Jones watched a nurse draw two vials of blood from Miesen. Nurse Cassie Thomas signed a document certifying that she had drawn two tubes of blood from Miesen in the presence of an officer. The nurse next put the vials in a blue biohazard bag, which Jones then placed in an evidence bag. Nurse Thomas and Jones both signed a chain of custody document demonstrating she gave the vials to him. Next, pursuant to protocol Jones took the packaged vials to the Indianapolis Metropolitan

---

[2] The record does not include any information about the circumstances under which the search warrant was obtained, and Miesen does not complain of any irregularities in the search warrant process.

Police Force's property room to be stored until they were taken to a laboratory for testing.

[7] A forensic scientist employed by the Indianapolis-Marion County Forensic Services Agency tested the blood samples on May 21, 2019. The test revealed that the ethyl alcohol concentration in Miesen's blood was "0.103% w/v (o.103 b/100mL)." Tr. Ex. Vol., State's Ex. 1. At trial, Miesen stipulated to the accuracy of the blood sample test.

[8] On May 21, 2019, the State charged Miesen with operating a vehicle while intoxicated in a manner endangering a person, a Class A misdemeanor; operating a vehicle with an ACE of .08 or more, a Class C misdemeanor; and driving while suspended, a Class A misdemeanor. On June 3, 2019, the trial court ordered the suspension of Miesen's driver's license because he had refused to submit to a chemical test.

[9] The trial court presided over a bench trial on July 23, 2019. At the beginning of the trial, the State moved to dismiss the charge of driving while suspended. After the parties presented their evidence and rested, the trial court found Miesen guilty of operating a vehicle while intoxicated in a manner endangering a person. The trial court also found him guilty of operating a vehicle with an ACE of .08 or more, but determined that the charge merged with the charge of operating a vehicle while intoxicated. The trial court granted the State's motion to dismiss the charge of driving while suspended. Next, the trial court imposed a sentence, and this appeal followed.

# Discussion and Decision

## I. Admission of Laboratory Report

[10] Miesen argues the trial court erred in admitting the laboratory report into evidence, claiming the report should have been excluded because of "a complete lack of foundation." Appellant's Br. p. 8.

[11] In reviewing the admission or exclusion of evidence, we determine whether the trial court abused its discretion. *McCallister v. State*, 91 N.E.3d 554, 561 (Ind. 2018). We will reverse only if the trial court's ruling was clearly against the logic and effect of the facts and circumstances before it. *Id.*

[12] Miesen claims the State failed to establish a foundation for the admission of the lab report because:

> the record of the blood draw is completely lacking. The record is silent as to the training of the nurse to obtain bodily substance samples. The record is silent as to whether the nurse was acting under the direction of a physician or a protocol prepared by a physician.

Appellant's Br. p. 11.

[13] Miesen further claims the absence of the foundational information was unduly prejudicial to him and violated Indiana Appellate Rule 403. That rule provides: "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." *Id.*

[14] Miesen's sole objection at trial to the admission of the laboratory report was "as to chain of custody." Tr. Vol. II, p. 11. He did not raise any of the foundational issues he now seeks to raise on appeal. A defendant may not argue one ground at trial and then raise a different ground on appeal, and the failure to raise an issue at trial waives the issue for appeal. *Orta v. State*, 940 N.E.2d 370, 376 (Ind. Ct. App. 2011), *trans. denied*. Miesen has waived his foundational challenge to the admission of the laboratory report.

[15] Waiver notwithstanding, "a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." *Hill v. State*, 51 N.E.3d 446, 451 (Ind. Ct. App. 2016). At the beginning of the trial, Miesen and the State stipulated "to the results of the lab report." Tr. Vol. II, p. 4. During trial, despite raising a challenge to the chain of custody of the samples, Miesen clarified that he stipulated to the report's "accuracy." *Id.* at 11. By stipulating that the report was accurate, he invited the court to disregard any foundational issues arising from the blood draw procedure. We need not further address this claim.

## II. Sufficiency of the Evidence

[16] Miesen argues the record is devoid of facts to support a conclusion that he was intoxicated at the scene of the accident. We disagree. The standard of review for assessing the sufficiency of the evidence is well-established:

> In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt.

*Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002).

[17] To obtain a conviction as charged, the State was required to prove beyond a reasonable doubt that: (1) Miesen; (2) operated a vehicle; (3) while intoxicated; (4) in a manner that endangered a person. Ind. Code § 9-30-5-2. "Intoxicated" is defined, in relevant part, as "under the influence of . . . alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86 (2013).

[18] The State need not present separate proof of impairment of action, impairment of thought, and loss of control of faculties to establish an individual's intoxication. *Woodson v. State*, 966 N.E.2d 135, 142 (Ind. Ct. App. 2012), *trans. denied*. Instead, "[e]vidence of the following can establish impairment: (1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; [and] (7) slurred speech." *Ballinger v. State*, 717 N.E.2d 939, 943 (Ind. Ct. App. 1999).

[19] In Miesen's case, Officer Jones noted that Miesen had constricted pupils and slurred speech. In addition, Miesen failed the horizontal gaze nystagmus field

sobriety test. Finally, although a blood test is not necessary to prove intoxication, in this case the ethyl alcohol concentration in Miesen's blood was "0.103% w/v (o.103 b/100mL)." Tr. Ex. Vol., State's Ex. 1. This is ample evidence to demonstrate beyond a reasonable doubt that Miesen was intoxicated at the scene of the accident. *See Woodson*, 966 N.E.2d at 142 (State proved Woodson was intoxicated; he displayed three of the factors discussed above).

Miesen argues that the State did not present any evidence related to loss of balance, hindered attention span and ability to listen to instructions, or difficulty standing. This argument is a request to reweigh the evidence, which our standard of review forbids.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Brown, J., and Tavitas, J., concur.